VANHOOK
v.
THE STATE.

VANHOOK *v.* THE STATE.

A collector of taxes is not indictable for purchasing a county order, &c. at a discount, unless the amount of the order, &c. be expressed on its face. Penal statutes must be strictly construed.

*Tuesday, December 1.*

ERROR to the *Boone* Circuit Court.

DEWEY, J.—The indictment in this case charges that *Vanhook,* the defendant below, was the collector of the state and county revenue for the county of *Boone,* for the year one thousand eight hundred and thirty-eight; and that during that year, while acting as collector, he "knowingly, wilfully, and unlawfully, did purchase and receive in payment for county taxes from one *Benjamin Kersey,* a citizen, a demand against said county, to wit, a certificate of services as a juror for four days, and for the sum of five dollars, for the sum and price of three dollars, that, to wit, three dollars, then and there being two dollars less in amount, than that expressed on the face of said certificate," contrary to the form of the statute, &c. Plea, not guilty. Trial and conviction by the Court, and the defendant fined five dollars.

The evidence was that *Vanhook* was collector, and that as such he received from *Kersey,* at the sum of three dollars, in payment of county taxes, the following certificate duly issued and signed by the clerk of the Circuit Court of *Boone* county: "The State of *Indiana, Boone* county, ss. This is to certify that *Benjamin Kersey* did serve four days as a petit juror, at the *October* term, 1838, of the *Boone* Circuit Court."

This prosecution is founded on the statute regulating the mode of doing county business, &c., the 19th sect. of which enacts "that no collector, or other person doing county

business, shall directly or indirectly purchase or receive in
payment, exchange, or in any way whatever, any demand
against his county, or any county order for a claim allowed
by the board doing county business, at any time during the
period for which he may be elected, for a less amount than
that expressed on the face of such order or demand against
the county." The officer offending against this clause of
the statute is liable to indictment. R. C. 1831, p. 133.—
R. S. 1838, p. 154.

This is a penal statute and must receive a strict construc-
tion. Allowing the certificate given in evidence to be a·
demand against the county, (a matter which we do not de-
cide,) it is not such a demand as the act contemplates. No
amount, or sum due, is expressed upon its face. It is true,
that by reference to another statute, the *per diem* pay of a
juror may be ascertained, and, by calculation, the sum due
*Kersey* for four days' services as a juror may be arrived at;
but nothing less than the expression upon the face of the
order, or demand against the county, of the sum due, will
satisfy the statute. There was no evidence to sustain the
indictment. The conviction of the defendant was unautho-
rized.

*Per Curiam.*—The judgment is reversed. Cause remand-
ed, &c.

*H. Brown,* for the plaintiff.
*W. J. Peaslee,* for the state.