Klingensmith v. Kepler.

*J. Applegate*, for appellees.

---

## KLINGENSMITH v. KEPLER.

ATTORNEY.—*Suspension of.*—The provisions of the statute for the suspension of an attorney from practice are penal in their nature, and should be strictly construed.

SAME.—*Partnership.*—An attorney cannot be suspended from the practice by the default of his partner in collecting and converting the money of a client without his knowledge or consent.

Klingensmith *v.* Kepler.

SAME.—*Appeal.*—*Notice of.*—Where a judgment was rendered for money, and also suspending two partners, attorneys, from practice, one appealed from the judgment of suspension.

*Held,* that the judgment of suspension was personal only to the appellant, and section 551 of the code (2 G. & H. 270), requiring notice of appeal to be served on co-parties, did not apply.

APPEAL from the Marion Common Pleas.

DOWNEY, J.—This action was brought by the appellee against the appellant and one William V. Burns, who were partners in the practice of law, to recover certain moneys which they had collected for him; and in the prayer of the complaint it was asked that they should be suspended from the practice. The complaint was verified by the oath of the plaintiff.

Burns made default. Klingensmith answered, first, a general denial; second, he admits the partnership of the defendants, as alleged; the recovery of a judgment in favor of the plaintiff for the money in question; the payment of the money thereon into the hands of the clerk; and alleges the receipt of the said money by Burns, without the knowledge or consent of Klingensmith, and that he feloniously appropriated the same to his own use, against the will of Klingensmith; that the plaintiff, although immediately informed thereof, declined and refused to prosecute Burns therefor, and suffered and allowed him to squander the same. He admits that he is liable for the money, and offers to confess judgment therefor, with costs; but claims that he is not liable to be suspended from the practice; third, he says that all of said acts were done and performed by Burns alone, contrary to his wish and without his knowledge; that Burns, without his fault or knowledge, received the money and feloniously appropriated the same to his own individual use, of which the plaintiff at the time had full knowledge; wherefore, etc.

The plaintiff, after unsuccessfully demurring to the second and third paragraphs of the answer of Klingensmith, replied thereto by a general denial.

The issues were tried by a jury, and the jury found, in

answer to interrogatories, that the defendants received from the clerk, for the plaintiff, the sum of five hundred and seventy-eight dollars and fifty-eight cents, on the 7th day of July, 1868; that the defendants were practising attorneys and partners; that they had never paid the money, or any part of it, to the plaintiff; that the plaintiff had repeatedly demanded the money of the defendants before suit brought; and that the defendants had dissolved their partnership after the receipt by them of said money. They also found that Burns received the money and appropriated the same to his own use, without the knowledge or consent of Klingensmith; and that Klingensmith did not receive or appropriate to his use any of said money, or consent to its appropriation by Burns.

The court, upon the findings of the jury, rendered judgment for the amount of money found due to the plaintiff, and ordered that both of the defendants be suspended from the practice.

Klingensmith moved for a new trial as to the part of the judgment suspending him from the practice; but his motion was overruled, and he excepted. He appealed from so much of the judgment as adjudges a suspension from the practice, and, by proper assignment of error, has presented the question as to the correctness of that ruling of the court.

The appellee has moved the court to dismiss the appeal, because it is taken by only one of the defendants to the judgment below. It is the opinion of a majority of the court that he alone may appeal from so much of the judgment as suspends him from the practice, that being personal to him, and distinguishable from the judgment for the money, and that section five hundred and fifty-one does not apply to the case.

The question is presented, whether, when two or more attorneys are practising in partnership, and one of them receives and improperly appropriates the money of a client, without the knowledge or consent of the others, and fails, on demand, to pay it over, the whole firm of attorneys can be

suspended from the practice. It is not denied but that they are all civilly liable to judgment and execution; but it is contended that those who are not personally culpable cannot be suspended from practice.

The provisions of the statute for the suspension of an attorney from the practice are penal in their nature, and may, therefore, properly receive a strict construction. We cannot think that it was the design of the legislature to authorize or require the suspension of an attorney for the default of his partner, of which he had no knowledge, in which he did not in any way participate, and to which he in no way consented.

So much of the judgment of the common pleas as suspends the appellant from the practice is reversed, with costs.

*J. S. Harvey* and *J. Hanna,* for appellant.

*J. L. Mitchell* and *W. A. Ketcham,* for appellee.