KEPLER *v.* KLINGENSMITH ET AL.

ATTORNEY.—*Suspension from Practice.*—Where a judgment has been recovered against two attorneys as partners, for money collected by them and not paid over to their client, and where the partnership has been dissolved, and the debts due the firm have been assigned to one of the partners, who has assumed to pay the judgment, a failure to collect and apply such debts to the payment of the judgment will not authorize the suspension of the attorney to whom the accounts have been assigned.

From the Marion Civil Circuit Court.

*S. Claypool, J. L. Mitchell,* and *W. A. Ketcham,* for appellant.
*J. Hanna* and *F. Knefler,* for appellees.

DOWNEY, J.—This is a continuation of the case between the same parties in 41 Ind. 341. On return of the case to the circuit court, an amended complaint was filed, to which a demurrer was filed by Klingensmith, which was sustained by the court.

This ruling of the court constitutes the alleged error.

The amended complaint charges, in substance, that in August, 1867, the said Klingensmith and Burns were and still are practising attorneys of the said court, and as such engaged in the business of collecting moneys, by process of law, for such suitors as should choose to entrust business to their care: that the plaintiff placed in their hands for collection a certain note on one Eden, for which the defendants executed to him a receipt, set out; that afterward, in July, 1868, the defendants received the full amount of the note, five hundred and seventy-eight dollars and fifty-eight cents; that the defendants, though often thereto requested, have wholly neglected, failed, and refused to pay the same or any part thereof to the plaintiff, but said Burns, by his culpable negligence, casually lost the same; that the defendants at the time were partners, and that there was due them as such partners, and applicable first on their partnership debts, large amounts of money as fees from their said business as attorneys; that the interest of said Burns was one-half thereof.

A list of the amounts due them, in the aggregate fifteen hundred and fifteen dollars and thirty-seven cents, is filed with and made part of the complaint.

It is alleged that Burns is insolvent and unable to pay said amount so lost by him; that he assigned the said claims due them to Klingensmith, who, in consideration thereof, agreed that he would accept said assignment upon said trust and would fully and faithfully carry out the same, and would assume any and all liability whatever on account of said indebtedness and failure to pay over said sum of money; that said Klingensmith has collected large amounts thereon, but he is unable to state the exact amount, but he has wholly failed and refused to apply the same or any portion thereof to the payment of said indebtedness, but has converted the same to his own use, and has failed and refused to make any effort to collect portions of said accounts, although well knowing that they are collectible, in violation of the terms of said trust and of his duties in the premises and as an attorney of this court.

It is alleged that on the 23d day of September, 1871, the plaintiff recovered judgment against said Burns and Klingensmith for said amount, etc.

Prayer, that Klingensmith be required to account for all sums collected on said trust, and that he be suspended from the practice of his profession until he shall pay off said judgment, and for other proper relief, etc.

The object of this action is not now to recover a judgment against Klingensmith, or Burns and Klingensmith, for the money collected by them for the plaintiff. That judgment was rendered before the first appeal in this case to this court, and it remains in full force in the court below. By an examination of the case as reported in 41 Ind., it will be seen that judgment was rendered for the amount of the money collected, and both of the attorneys were suspended from practice. Klingensmith appealed from so much of the judgment as suspended him from the practice, and this part of the judgment was reversed, on the ground that he should not be suspended for the illegal appropriation of the money by Burns.

We are of the opinion that the facts in the amended complaint, now before us, do not warrant the suspension of Klingensmith from practice. The money collected by him on the claims due to the firm composed of himself and Burns is not the money of their client. See 2 G. & H. 329, sec. 778, *et seq.* The cause, so far as it sought a judgment for the money collected and not paid over by Klingensmith and Burns ended in the judgment in the court below against them. If the appellant has any remedy against Klingensmith on account of the claims alleged to have been left in his hands for collection, we think it must be sought in some other form.

The judgment is affirmed, with costs.