State v. The Cleveland, Cincinnati, Chicago and St. Louis Ry. Co.

No. 17,223.

THE STATE v. THE CLEVELAND, CINCINNATI, CHICAGO
AND ST. LOUIS RAILWAY COMPANY.

137    75
149   340

137    75
169   246

CRIMINAL LAW.—*Railroad Company.—Failure to Keep Open Waiting Rooms.—Indictment, Insufficiency of.*—Where, in a criminal charge against a railroad company for failure to keep open waiting rooms, in accordance with the provisions of section 5188, R. S. 1894, the indictment is insufficient, which fails to aver that the defendant had provided and maintained such waiting rooms.

SUPREME COURT PRACTICE.—*Constitutional Question.—When Will not be Considered.*—Constitutional questions will not be considered unless their consideration is absolutely essential to the final end of the case in which they are supposed to be involved.

From the Decatur Circuit Court.

*A. G. Smith,* Attorney-General, *D. A. Myers,* Prosecuting Attorney, and *D. Wilson,* for State.

*C. Ewing, B. K. Elliott* and *W. F. Elliott,* for appellee.

McCABE, J.—The appellee was prosecuted, in the court below, on the following affidavit, omitting the caption:

"Isaac D. Waits swears that the Cleveland, Cincinnati, Chicago and St. Louis Railway Company, at and in the county of Decatur, in the State of Indiana, on or about the 18th day of March, A. D. 1893, was then and there a railroad company, operating a line of railroad through the town of Adams, in said county and State, under the name of the Cleveland, Cincinnati, Chicago and St. Louis Railway Company; that said town of Adams then and there had a population of more than two hundred and fifty people; that said railway company, operating a line of railroad as aforesaid, then and there had a passenger train which was then and there, by said company, run over said road, and allowed, by schedule of said company for the running of said train,

State *v*. The Cleveland, Cincinnati, Chicago and St. Louis Ry. Co.

to stop at a certain point in said town of Adams to take on and let off passengers, and by the schedule time for the running of said train the same was due to stop at said station at or about 12 o'clock and 32 minutes, in the forenoon of said day, the exact time is to affiant unknown; that said defendant, the Cleveland, Cincinnati, Chicago and St. Louis Railway Company, did then and there unlawfully fail to keep open waiting rooms for the convenience of the traveling public, for a period of one hour next preceding the said schedule time for the arrival of said passenger train at said station, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Indiana."

The court below sustained the appellee's motion to quash the information, setting forth substantially the same charge and the affidavit on which the information was based, and the State appeals.

The statute on which the prosecution is based reads as follows:

"Section 1. That all railroad companies operating lines through cities and towns of two hundred and fifty population or more shall provide and maintain suitable waiting rooms, together with separate water-closets for men and women for the convenience of the traveling public, and shall keep such rooms open for a period of not less than one hour next preceding the arrival of all passenger trains that are allowed by schedule to stop at such stations.

"Section 2. Any railroad company failing to comply with the provisions of the above shall be guilty of a misdemeanor and be fined for not more than three hundred dollars and not less than twenty dollars." Acts 1891, p. 70; 2 Burns' Rev. 1894, sections 5188, 5189.

The objection to the information and affidavit is two-

fold: 1. That the facts stated do not make an offense under the statute; and 2, that the statute is in conflict with sections 22 and 23, of article 4, of the State constitution, in that it is such local legislation as falls within the inhibition of those sections. The act is highly penal, and it is settled law that such statutes must be strictly construed. *Vanhook* v. *State*, 5 Blackf. 450; *Steel* v. *State*, 26 Ind. 82; *Klingensmith* v. *Kepler*, 41 Ind. 341; *Western Union Tel. Co.* v. *Steele*, 108 Ind. 163.

The following offenses are created by the act, namely: 1. Failure to provide and maintain suitable waiting rooms for the convenience of the traveling public. 2. Failure to provide separate water-closets for men and women for the convenience of the traveling public. 3. Failure to keep such waiting rooms open for a period of one hour next preceding the arrival of all passenger trains that are allowed by schedule to stop at such stations.

It is insisted by the appellee, that the facts stated in the affidavit and information are insufficient because they contend that to constitute the offense of failure to keep open waiting rooms, it is necessary to aver that appellee had provided and maintained such waiting rooms.

It is contended that if appellee had no such waiting rooms the offense would not be failure to keep open, but a failure to provide and maintain them. We are inclined to think this position well taken. 1 Burns' Rev., 1894, section 1824; *Schmidt* v. *State*, 78 Ind. 41.

The statute just cited requires the offense charged to be "stated with such a degree of certainty that the court may pronounce judgment, upon a conviction, according to the right of the case."

If, in charging the offense of failure to keep open waiting rooms, it is unnecessary to charge that the company had such waiting rooms, then there may be a conviction

of the offense of failure to keep open, on evidence that the company had never provided the waiting rooms; and afterwards, the company might be prosecuted on a charge of failure to provide and maintain the rooms, and convicted again on the same evidence, that is, convicted and punished twice for one and the same offense.

It was said by this court, in *Keller* v. *State,* 51 Ind. 111 (115), that "Criminal charges must be preferred with reasonable certainty, so that the court and jury may know what they are to try, of what they are to acquit * * the defendant, and so that the defendant may know what he is to answer, and that the record may show, as far as may be, of what he has been put in jeopardy. The averments should be so clear and distinct that there could be no difficulty in determining what evidence was admissible under them."

To the same effect are *Shaffer* v. *State,* 82 Ind. 221; *Smith* v. *State,* 125 Ind. 440; *Nichols* v. *State,* 127 Ind. 406; *Littell* v. *State,* 133 Ind. 577, and cases there cited.

We find it wholly unnecessary to decide the constitutional question raised by the appellee, because what we have said makes a final end of this case without touching the constitutional question. It has become settled law that constitutional questions will not be considered unless their consideration is absolutely essential to the final end of the case in which they are supposed to be involved.

The circuit court did not err in quashing the affidavit and information.

The judgment is affirmed.

Filed March 8, 1894.