## CHICAGO AND SOUTH EASTERN RAILWAY COMPANY v. GLOVER ET AL.

[No. 19,319.   Filed November 26, 1901.   Rehearing denied June 25, 1902.]

MASTER AND SERVANT.—*Monthly Payment of Wages.*—*Labor Claim.*—*Assignment.*—*Action by Assignee.*—Under §§7056, 7057 Burns 1901, providing that a corporation shall, in the absence of a written contract to the contrary, pay its employes at least once a month, and providing a penalty of $1 a day for a violation thereof, the penalty cannot be recovered upon a demand and action by an assignee of a labor claim.   *pp. 167, 168.*

SAME.—*Corporation.*—*Penalty for Violation of Monthly Payment Wage Law.*—*Special Finding.*—In an action against a corporation to recover penalty for failure to make monthly settlements with employes, a special finding that "there was no contract of employment between any of the employes and the defendant" is not equivalent to a finding of facts showing that there was no written contract between the corporation and said employes as to the time of payment of wages.   *p. 169.*

CONSTITUTIONAL LAW.—The constitutionality of a statute will not be passed upon if the question at issue can be passed upon otherwise.   *p. 170.*

From Madison Circuit Court; *J. F. McClure,* Judge.

Action by Robert J. Glover, against the Chicago and South Eastern Railway Company.   From a judgment for plaintiff defendant appeals.   *Reversed.*

*W. R. Crawford, U. C. Stover* and *W. H. Najdowski,* for appellant.

*P. S. Kennedy, S. C. Kennedy* and *Dumont Kennedy,* for appellee.

MONKS, J.—This action was brought in 1898 against appellant by appellee as assignee of a number of claims for labor.   Appellant was a corporation engaged in the operation of a railroad.   The labor sued for was performed for it by several persons, in the years 1896 and 1897, to each of whom a separate time check was issued for each month.   These time checks were assigned by the persons to whom

issued to N. J. Glover & Son, and were by that firm assigned to appellee. Appellee sought to recover judgment for the time checks and interest, and for penalty and attorney's fees under §§1, 2, Acts 1885, p. 36, §§7056, 7057 Burns 1901, §§5206a, 5206b Horner 1897. The cause was tried by the court, a special finding of facts made, and conclusion of law stated in favor of appellee, and judgment rendered against appellant for the amount of time checks, interest, penalty, and attorney's fees, as provided in said sections.

The correctness of the conclusion of law is challenged by the assignment of errors. Appellant insists that, upon the facts found, appellee was not entitled to recover the penalty and attorney's fees under §§7056, 7057, *supra.* Said sections are as follows: "§7056. (1) That every company, corporation or association now existing, or hereafter organized and doing business in this State, shall, in the absence of a written contract to the contrary, be required to make full settlement with, and full payment in money to, its employes engaged in manual or mechanical labor, for such work and labor done or performed by said employes for such company, corporation or association at least once in every calendar month of the year. §7057. (2) If any company, corporation or association shall neglect to make such payment, such employe may demand the same of said company, corporation or association, or any agent of said company, corporation or association, upon whom summons might be issued in a suit for such wages, and if said company, corporation or association shall neglect to pay the same for thirty days thereafter, said company, corporation or association shall be liable to a penalty of $1 for each succeeding day, to be collected by such employe in a suit (together with reasonable attorney's fees in said suit) for wages withheld: Provided, that said penalty shall in no instance exceed twice the amount due and withheld."

These sections, being penal and in derogation of the common law, must be strictly construed; and no one can recover thereunder unless he, by averment and proof, brings himself clearly within the terms thereof. *State* v. *Cleveland, etc., R. Co.,* 157 Ind. 288; *Western Union Tel. Co.* v. *Harding,* 103 Ind. 505, 508; *Western Union Tel. Co.* v. *Axtell,* 69 Ind. 199; *Hamilton* v. *Jones,* 125 Ind. 176; *Thornburg* v. *American Strawboard Co.,* 141 Ind. 443, 444, 445, 50 Am. St. 334, and cases cited; *McDonald* v. *Pittsburgh, etc., R. Co.,* 144 Ind. 459, 460, 32 L. R. A. 309, 55 Am. St. 185; *Indianapolis, etc., R. Co.* v. *Keeley,* 23 Ind. 133, 23 Am. & Eng. Ency. Law, 375-378; Endlich, Interp. of Stat., §§340, 341, 471; Black, Interp. of Laws, 300.

In *Western Union Tel. Co.* v. *Harding, supra,* at page 508, this court said: "In construing a penal statute, it must be remembered that the law will intend nothing in favor of the imposition of a penalty until, upon a strict construction, it appears there has been a clear violation of the statutory obligation for which the penalty is imposed."

In *Western Union Tel. Co.* v. *Axtell, supra,* at page 202, this court said: "A court can not create a penalty by construction, but must avoid it by construction, unless it is brought within the letter and the necessary meaning of the act creating it." It was said by this court in *Indianapolis, etc., R. Co.* v. *Keeley, supra,* "As the right to sue is purely a statutory one, and in derogation of the common law, the statute must be strictly construed, and the case brought clearly within its provisions, to enable the plaintiff to recover."

Section 7057 Burns 1901, gives the penalty on the neglect to comply with the demand of the employe for payment. There is no provision of said section giving a penalty or a right to recover attorney's fees, when the demand is made by an assignee of the employe. The failure of appellant

to comply with the demand of appellee as assignee is not an omission for which said section creates or provides a penalty, or gives the right to recover attorney's fees.

It will be observed that said §§7056, 7057 Burns 1901, do not apply to a case where there is a written contract for the payment of the wages of such employes contrary to the provisions of said §7056, *supra.* It is essential, therefore, to a recovery under said sections that the facts showing the absence of such a contract be alleged and proved. *City of New Albany* v. *Endres,* 143 Ind. 192, 203, 204, and cases cited; *Goodwin* v. *Smith,* 72 Ind. 113, 117, 120, 37 Am. Rep. 144, and cases cited; *Boulden* v. *McIntire,* 119 Ind. 574, 581, 582, 12 Am. St. 453. In the special finding in this case no facts are found showing the absence of such a contract. It is true that the special finding states that "there was no contract of employment between any of said employes and the defendant;" but this is not equivalent to a finding of facts showing that there was no written contract between appellant and said employes as to the time of payment of wages, contrary to the provisions of said §7056, *supra.* There may be no express contract of employment when the services begin or while being rendered, but a contract in writing may subsequently be made as to the time of payment of the money found to be due for such services.

The rule is well settled that every fact essential to a plaintiff's recovery must be stated in a special finding, and any such fact, if not stated, must be deemed to be found against him. *Relender* v. *State, ex rel.,* 149 Ind. 283, 290. There being no finding of facts showing the absence of the contract mentioned in said §7056, *supra,* it follows that the conclusion of law that appellee was entitled to recover penalties and attorney's fees under said §7057, *supra,* was erroneous.

It is insisted that said §7057, *supra,* is unconstitutional and void because in conflict with §23 of article 1, and

§§22, 23 of article 4 of the Constitution of this State, and of the fourteenth amendment to the Constitution of the United States, for the reason that its operation is confined by §7056, *supra,* to companies, corporations, and associations regardless of the kind or nature of the business the company, corporation, or association may conduct, and does not apply to an individual who is conducting a similar business. It is settled, however, that this court will not pass upon the constitutional validity of a statute if the case in which the question is raised can be decided without passing upon that question. *Pennsylvania Co.* v. *Ebaugh,* 144 Ind. 687, 694; *Board, etc.,* v. *Board, etc.,* 146 Ind. 138, 144; *Legler* v. *Paine,* 147 Ind. 181; *Cleveland, etc., R. Co.* v. *City of Connersville,* 147 Ind. 277, 37 L. R. A. 175, 62 Am. St. 418.

Judgment reversed with instructions to grant a new trial, and for further proceedings not inconsistent with this opinion.