VanArsdall v. Indiana Bell Telephone Company.

[No. 12,267.   Filed March 11, 1926.]

1. Statutes.—*Penal statute will be strictly construed and nothing will be added by inference or intendment.*—A penal statute will be strictly construed, and will not. be construed to include anything beyond its letter, though within its spirit, and nothing will be added by inference or intendment.   p. 259.

2. Telegraphs and Telephones.—*Statute held to prohibit telephone companies from discriminating as to facilities but not as to rates.*—There being nothing in §2 of the act of 1885 (Acts 1885 p. 151, §5741 Burns 1926) prohibiting discrimination in rates to telephone subscribers, the penalty section of the statute (§5725 Burns 1926) is not applicable to discrimination in rates by telephone companies but only as to discrimination in facilities and connections furnished to subscribers, from which it follows that a penalty cannot be recovered for discrimination in rates by a telephone company.   p. 259.

3. Telegraphs and Telephones.—*Telephone company charging less for its service than rate fixed by Public Service Commission could be penalized under statute.*—Since §112 of the Public Service Commission Act (§12785 Burns 1926, Acts 1919 p. 709) prohibits any public utility from charging a greater or less compensation than the rate fixed by the Public Service Commission, a telephone company that charges any of its subscribers a less rate than that prescribed by the commission could be penalized under that section of the statute.   p. 260.

From Monroe Circuit Court; *John F. Regester*, Special Judge.

Action by James W. VanArsdall against the Indiana Bell Telephone Company. From a judgment for the defendant, the plaintiff appeals. *Affirmed*. By the court in banc.

*T..J. Louden* and *Miers & Corr*, for appellant.

*George W. Henley* and *Pickens, Davidson, Gause & Pickens*, for appellee.

NICHOLS, C. J.—Action for the recovery of penalties under §5695 Burns 1926, §5721 Burns 1914, for the violation of §5741 Burns 1926, §5802 Burns 1914.

The complaint is in five paragraphs; each paragraph charges a separate violation of §5741 Burns 1926, above referred to, and each demands judgment for $100 penalty provided for by §5725 Burns 1926, §5781 Burns 1914. Appellee answered by a general denial.

It appears by the special findings of facts so far as we need to state them to present the question here involved, that from December 1, 1920, to April 30, 1921, appellee owned and operated a general system of telephone lines in the city of Bloomington, Indiana, and vicinity thereof, and during all of said time, had a telephone in the residence of appellant, which telephone was connected with the central station of appellee in all things as the telephones of other patrons of appellee.

That during all of said time appellee charged appellant for the use of his said telephone $2.75 per month which was the monthly rate established by the Public Service Commission as the charge for telephone service to subscribers such as appellant; that during said time appellee charged other subscribers in a like situation as appellant but $1.75 per month or at a rate which was less than the charge established by the Public Service Commission, and that thereby appellee was during said time guilty of discrimination and partiality.

It is a well-established rule of statutory construction that a penal statute will be strictly construed, and that

1. it will not be construed to include anything beyond its letter though within its spirit, and that nothing will be added by inference or intendment.

25 R. C. L. 1081; *Western Union Telegraph Co.* v. *Axtell* (1879), 69 Ind. 199; *Indianapolis, etc., R. Co.* v. *Keely* (1864), 23 Ind. 133; *Chicago, etc., R. Co.* v. *Glover* (1901), 159 Ind. 166, 62 N. E. 11; *State* v. *Cleveland, etc., R. Co.* (1901), 157 Ind. 288, 61 N. E. 669.

The last case cited, after stating the general rule, states that the trend of authorities is expressed in the

2. following words:    "Where the penal clause is less comprehensive than the body of the act, the courts will not extend the penalties provided

therein to the classes of persons or things not embraced within the penal clause, even where there is a manifest omission or oversight on the part of the legislature." The principle announced is especially applicable here, for, as observed above, while in the first section of the act, which pertains to telegraph companies (See §5724 Burns 1926, §5780 Burns 1914), there is a provision that the telegraph company "shall in no manner discriminate in rates charged," there is no such provision in section three of the act, §5741 Burns 1926, *supra,* which section pertains to telephone companies.    Applying the rule above announced, and discovering nothing expressed in the section prohibiting a discrimination in rates, we hold that such section only applies to discrimination in facilities and connections, and not to discrimination in charges.    None of the cases cited by appellant was for the recovery of penalty because of discrimination in rates.

It appears by the special findings that appellant was charged the lawful rate, the rate fixed by the Public

Service Commission, and of this he may not complain, for appellee is prohibited from charging any other rate by §112 of the Public Service Commission Act of 1913, as amended in 1919, Acts 1919 p. 709.   We suggest that appellee may well consider the provisions of that section, and govern itself accordingly.   ·We do not pass . upon its liability thereunder for such question is not before us.

The court did not err in its conclusion of law.

Judgment affirmed.