EVANSVILLE AND OHIO VALLEY RAILWAY COMPANY INC.
*v.* SOUTHERN INDIANA RURAL ELECTRIC
CORPORATION, INC.

[No. 28,916. Filed January 16, 1953. Rehearing
denied March 5, 1953.]

*Robert D. Markel, Wilbur S. Furlow* and *Clifton L. Markel,* all of Evansville, for appellant.

*Ralph Zoercher, Volmar A. Franz,* of Tell City, and *Paul Y. Davis, Harvey B. Hartsock* and *Gustav H. Dongus,* all of Indianapolis, for appellee.

GILKISON, J.—Appellee filed its third amended complaint in five paragraphs in the Spencer Circuit Court. In each paragraph it sought to collect the penalty, attorney' fees and costs provided for by subsection (d), Sec. 55-4418, Burns' 1951 Replacement.

By rhetorical paragraph four in each paragraph of the complaint it is averred that between July 1, 1946, and January 1, 1948, appellant "constructed electric distribution lines (within certain described sections) none of which is a secondary voltage service line as permitted or defined in paragraphs '(o)' or '(p)' of section 3" (Section 55-4403, Burns' 1951 Replacement), and that appellant has since said time managed, controlled and operated the same. There is no direct averment in the complaint that the action of appellant was a violation of any right of appellee. The only aver-

ment in this matter is as follows: "The violation of section 18, of the Indiana REMC Act (Burns' §55-4418) by defendant as alleged in this paragraph is separate and distinct from the violation of said act by defendant alleged in any other cause of action stated in this complaint."

In the first paragraph of the complaint the length of the line so constructed is averred to be approximately six tenths of a mile. In the second paragraph the length of the line so constructed is alleged to be approximately four tenths of a mile. In the third paragraph the length of the line so constructed is alleged to be approximately two tenths of a mile. In the fourth paragraph the length of the line so constructed is alleged to be twenty-five hundredths of a mile. In the fifth paragraph the length of the line so constructed is alleged to be approximately two miles. The total length of the lines alleged to have been so constructed is approximately 3.45 miles.

Appellant filed a motion to require the appellee to make each paragraph of the third amended complaint more specific, definite and certain, and to state the facts supporting the conclusions alleged. Fourteen specifications were named in the motion. This motion was overruled. Appellant then filed a general demurrer to each paragraph of the complaint, the memorandum to which contained thirty-three specifications occupying ten single spaced pages of its brief. The demurrer was overruled. An amended demurrer was then filed and it was overruled. The cause was put at issue by answer, the first paragraph being under the rules, and the second, third and fourth being affirmative. Each affirmative paragraph of answer raises questions relative to the constitutionality of subsection (d) of Sec. 55-4418, Burns' 1951 Replacement, as well as other sections of

the law. A trial by the court resulted in a finding and judgment for plaintiff. A motion for new trial specifying thirteen reasons was overruled and the appeal was taken.

Among the assignments of error, we find one that the Spencer Circuit Court erred in overruling the demurrer to the third amended complaint and to each paragraph thereof.

As above noted the memorandum to the demurrer is quite voluminous. Among the specifications we find, as abridged by us, the following:

That the original or copies of plaintiff's Articles of Incorporation, and the several orders of the Public Service Commission mentioned in the complaint, are not filed with and made a part of the complaint.

That the facts averred are not sufficient to show that each of the constructions averred in the several paragraphs of complaint constitutes a separate and distinct violation of the REMC law.

That the REMC law gives the plaintiff privileges and immunities contrary to Sec. 1, Art. 1, of the Indiana Constitution.

That Subsec. (d) of Sec. 55-4418 Burns' 1951 Replacement provides for penalties, attorney fees and costs exclusively for REMC corporations and unreasonably denies access to the courts by other utility corporations including plaintiff for the same rights, in violation of Art. 1, Sec. 12 of the Indiana Constitution.

That the act violates Art. 1, Sec. 23 of the Indiana Constitution, for the same reasons.

That said subsection violates Art. 1, Sec. 21 of the Indiana Constitution.

That said subsection violates Art. 4, Sections 20, 22 and 23 of the Indiana Constitution.

That the REMC law denies the equal protection of the laws to the defendant and other utility corporations and grants special privileges and immunities to REMC corporations violating Sec. 1, 14th Amendment of the U. S. Constitution.

It divides public utility companies into separate classes and enacts different laws for the government of each class, denying the equal protection of the law to all in violation of Sec. 1, 14th Amendment U. S. Constitution and Sec. 23 of Art. 1, Indiana Constitution and Sections 22 and 23, Art. 4 of the Indiana Constitution.

That subsection (d) deprives utilities, other than REMC of their privileges and immunities as citizens, and of their liberty and property, without due process of law.

That subsection (d) is contrary to Sec. 1 of the 14th Amendment of the United States in that the penalties, attorney fees and costs is not proportioned to any actual damages sustained, and is applicable only against "general public utility corporations and not against REMC corporations doing the same business" in the state. That the provisions are unreasonable and deprive utilities including defendant (appellant) of their privileges and immunities as citizens of the United States, and deprive them of liberty and property without due process of law and denies them equal protection of the law.

In the construction of statutes it is a fundamental rule that penal statutes must be construed strictly. *State ex rel. Ayer* v. *Ewing* (1952), 231 Ind. 1, 106 N. E. 2d 441 and cases cited. Under this rule such statutes will not be enlarged by implication or intendment beyond the fair meaning of the language used. *Chicago, etc. R. Co.* v. *Glover* (1901),

159 Ind. 166, 168, 62 N. E. 11; *State* v. *Cleveland, etc.
R. Co.* (1901), 157 Ind. 288, 290, 61 N. E. 669 and
citations; *The Western Union Telegraph Company* v.
*Steele* (1886), 108 Ind. 163, 164, 9 N. E. 78; *Burgh* v.
*The State ex rel. McCormick, Prosecuting Attorney*
(1886), 108 Ind. 132, 134, 9 N. E. 75; *The Board of
Commissioners of Vigo County* v. *Davis et al.* (1894),
136 Ind. 503, 511, 36 N. E. 141; *State* v. *The Cleve-
land, Cincinnati, Chicago and St. Louis Ry. Co.* (1894),
137 Ind. 75, 77, 36 N. E. 713; 50 Am. Jur. *Statutes,*
§183, p. 162; 59 C. J. *Statutes,* §600, pp. 1113 to 1116;
*VanArsdale* v. *Indiana Bell Telephone Co.* (1926), 84
Ind. App. 257, 259, 151 N. E. 19; *Cook* v. *State* (1901),
26 Ind. App. 278, 281, 282, 59 N. E. 489.

Statutes which take away, change or diminish fun-
damental rights, statutory remedies for rights un-
known to the common law, and statutes which
provide new and extraordinary remedies, must
be construed strictly, both as to the cases em-
braced within their terms and as to the methods to be
pursued. 59 C. J. *Statutes,* §§668, 669, pp. 1129, 1130;
*State* v. *Pence* (1909), 173 Ind. 99, 103, 104, 89 N. E.
488 and citations.

We shall consider some of the constitutional ques-
tions presented, confining our consideration to the al-
leged unconstitutionality of subsection (d) of Sec. 55-
4418 Burns' 1951 Replacement. This subsection is as
follows:

> "Any person, copartnership or corporation who
> or which shall violate any provision of subdivision
> (b) or (c) of this section 18 shall be liable to any
> corporation formed, or admitted to do business,
> under this act and authorized to serve rural resi-
> dents in territory within which such violation
> shall occur, in a civil suit in a penal sum calcu-
> lated at the rate of one thousand dollars [$1,000]

per mile of electric energy transmission or distribution line or lines so constructed, owner (owned), managed or controlled in violation of such provision; in computing the aforesaid penal sum, if any such line be less than one [1] mile in length, it shall be considered as one [1] mile long. In addition, such violator shall pay to the aggrieved corporation a reasonable attorney's fee and all costs involved in any litigation brought to enforce the payment of such sum."

The general rule is that the federal or state constitution provides the only standard for determining the validity of a statute. *Weisenberger* v. *State* (1931), 202 Ind. 424, 428, 175 N. E. 238; *Department of Insurance* v. *Schoonover* (1947), 225 Ind. 187, 190, 72 N. E. 2d 747, 748; *Kirtley* v. *State* (1949), 227 Ind. 175, 180, 84 N. E. 2d 712.

Sec. 23 of Article I of the Indiana Constitution provides as follows:

"The General Assembly shall not grant to any citizen, or class of citizens, privileges or immunities which, upon the same terms, shall not equally belong to all citizens."

Article 4, Sec. 23 Indiana Constitution provides as follows:

"In all cases enumerated in the preceding Section, and in all other cases where a general law can be made applicable, all laws shall be general, and of uniform operation throughout the State."

This court has generally held that the matter of classification for the purpose of legislation is primarily for the legislature. It becomes a judicial question when it clearly appears that the classification is not based on substantial distinctions with reference to the subject-matter, or is manifestly unjust or unreasonable.

*Fountain Park Co.* v. *Hensler* (1927), 199 Ind. 95, 101, 155 N. E. 465; *Bolivar Twp. Bd. of Fin. of Benton Co.* v. *Hawkins et al.* (1934), 207 Ind. 171, 181 et seq., 191 N. E. 158; *Hayes* v. *Taxpayers Research Ass'n.* (1947), 225 Ind. 242, 249, 72 N. E. 2d 658.

Subsection (d) of the REMC Act under consideration clearly attempts to give to "any corporation formed, or admitted to do business, under this act and authorized to serve rural residents in territory within which such violation shall occur," a right to collect the penalties provided. Other utilities, engaged in the same line of public utility service in the same territory and all others are excluded from the benefit of the penalties provided for. This seems to be a clear violation of Sec. 23 of Article 1 of the Indiana Constitution. *McClelland, Trustee* v. *The State ex rel. Speer* (1894), 138 Ind. 321, 330, 37 N. E. 1089; *In Re Application of the Bank of Commerce For Change of Name* (1899), 153 Ind. 460, 472 to 474, 53 N. E. 950, 55 N. E. 224, 47 L. R. A. 489; *Chicago, etc. R. Co.* v. *Glover* (1902), 159 Ind. 166, 168, *supra.*

The legislature has the power of classification for legislative purposes. However, the reason for the classification must inhere in the subject-matter. The classification must rest upon some reason which is natural and substantial. It must not be arbitrary or artificial and it must embrace all within the class to which it is naturally related. *Jordan* v. *City of Logansport* (1912), 178 Ind. 629, 641, 99 N. E. 1060, and authorities there cited. Not only must the classification treat alike all who are brought within its influence, but it must embrace all who naturally belong to the class. *Bedford Quarries* v. *Bough* (1907), 168 Ind. 671, 674, 80 N. E. 529, and authorities cited; *Fountain Park Co.*

v. *Hensler* (1927), 199 Ind. 95, 102, 155 N. E. 465, *supra*.

The penal statute involved is designed to affect beneficially all REMC corporations engaged in serving electric energy to rural inhabitants of the state. It does not pretend to legislate for all corporations or other persons engaged in the same public service and therefore it does not include all of the class to which it is naturally related. Because of this fact it is clearly class legislation. It does not apply upon the same terms to all in the same situation, and there is no apparent natural reason for any distinction. *Bedford Quarries Co.* v. *Bough, supra,* 168 Ind. 671, 675; *Jordan* v. *City of Logansport, supra,* 178 Ind. 629, 641; *Cleveland, etc. R. Co.* v. *Schuler* (1914), 182 Ind. 57, 105 N. E. 567; *Fountain Park Co.* v. *Hensler* (1927), 199 Ind. 95, 102, *supra; Bolivar Twp. Bd. of Fin. of Benton Co.* v. *Hawkins* (1934), 207 Ind. 171, 183, *supra; Martin* v. *Loula* (1935), 208 Ind. 346, 352, 194 N. E. 178, 195 N. E. 881; *State ex rel. Robertson* v. *Circuit Court of Lake Co.* (1938), 215 Ind. 18, 52, 17 N. E. 2d 805.

There is, and we think there can be, no contention in the instant case, that the classification made is in any sense an exercise of the police power of the state. It has no relation to public health, morals, safety or welfare.

We have not considered appellant's assignment of error with respect to the overruling of its amended demurrer. Such a pleading is unknown to our practice. *Joseph* v. *State* (1951), 229 Ind. 496, 500, 99 N. E. 2d 244. 1 Gavit Indiana Pleading and Practce, §135, pp. 649, 650.

Subsection (d) of Section 55-4418 is in contravention of Article 1, Sec. 23 of the Constitution of Indiana

and is therefore void. The demurrer to each paragraph of the complaint should have been sustained.

In view of this holding we do not deem it necessary to pass upon other propositions presented by appellant.

The judgment of the trial court is reversed with instruction to sustain defendant's demurrer to each paragraph of the amended complaint.

NOTE.—Reported in 109 N. E. 2d 901.