**GIBRALTAR MUTUAL INSURANCE COMPANY, Appellant (Plaintiff Below),**

**v.**

**HOOSIER INSURANCE COMPANY and John V. Loudermilk, Appellees (Defendants Below).**

No. 2–484–A–115.

Court of Appeals of Indiana, Second District.

Feb. 25, 1986.

Charles S. Gleason, Gleason, Hay & Gleason, Indianapolis, for appellant.

Stephen M. Gentry, Frank J. Otte, Indianapolis, for appellees.

SULLIVAN, Judge.

## OPINION UPON REHEARING

In its Petition for Rehearing, Gibraltar Mutual Insurance Company ("Gibraltar") seeks reconsideration of our decision affirming the trial court's entry of summary judgment in favor of Hoosier Insurance Company ("Hoosier") and John V. Loudermilk ("Loudermilk"). In our opinion of December 11, 1985, *Gibraltar Mutual Insurance Co. v. Hoosier Insurance Co.* (1985) 2d Dist.Ind.App., 486 N.E.2d 548, we held that I.C. 27–1–6–15 (Burns Code Ed.Repl. 1986), did not eliminate truth as a defense to libel and was applicable, on its face, to insurers such as Gibraltar. Furthermore, we concluded that inasmuch as Loudermilk's letter to the Indiana Life and Health Guaranty Association merely stated that Gibraltar was not in compliance with I.C. 27–1–6–15, a status conceded by Gibraltar, the letter was not libelous. Gibraltar asserts that our opinion erred by failing to recognize the existence of two separate guaranty associations and by refusing to hold that I.C. 27–4–1–4 (Burns Code Ed. Repl. 1986) creates a new private right of action.

Gibraltar argues in its petition for rehearing that this court incorrectly stated that both Gibraltar and Hoosier are members of the Indiana Life and Health Guaranty Association. Gibraltar now asserts that the parties are in fact members of distinct guaranty associations, and that the error was the result of Loudermilk's attempt to confuse this court. Had Gibraltar, as appellant, graced this court with a complete and proper statement of facts, as required by Ind. Rules of Procedure, Appellate Rule 8.3(A)(5), this "confusion" about

which Gibraltar now complains, might have been averted. Nonetheless, although we grant the petition for rehearing to clarify our statement with regard to the guaranty associations, we deem the distinction between the guaranty associations to be immaterial to our resolution of the issues.

■ Gibraltar is apparently a member of the Indiana Life and Health Insurance Guaranty Association, created pursuant to I.C. 27–8–8–1 et seq. (Burns Code Ed. Repl. 1986). This guaranty association's scope of authority encompasses Indiana-licensed insurers who issue

"(1) Direct life insurance policies;

(2) Health insurance policies;

(3) Annuity policies;

(4) Annuity contracts; and

(5) Contracts supplemental to life and health insurance policies[.]" I.C. 27–8–8–1(a).

[For exclusions from chapter's application, *see* I.C. 27–8–8–1(b).]

Hoosier, on the other hand, is a member of the Indiana Insurance Guaranty Association, created pursuant to I.C. 27–6–8–1 *et seq.* (Burns Code Ed. Repl. 1986). This guaranty association includes as members, insurers transacting "all kinds of direct insurance, except life, title, surety, disability, accident and sickness, health care, credit, mortgage guaranty, and ocean marine insurance." I.C. 27–6–8–3 (Burns Code Ed. Repl. 1986). Both guaranty associations have remedial authority and duties to be exercised regarding their respective memberships.

The discussion in our earlier opinion with reference to the guaranty association was intended as a response to Gibraltar's assertion that only the Department of Insurance, through its commissioner, may act in matters regarding insurers in Indiana. The fact that there are separately created guaranty associations for each group of insurers merely reinforces our original conviction that the guaranty associations act in conjunction with and under the supervision of the Commissioner of Insurance, but are not powerless associations.

Gibraltar's assertion, that Loudermilk's letter was directed at the "wrong" guaranty association, merely reiterates its original argument concerning privilege as a defense to the libel action. We specifically stated in our original opinion that "[b]ecause we conclude that the contents of Hoosier's letter were true and not otherwise prohibited, we do not reach the question of whether the communication was privileged." (Citations omitted.) *See Gibraltar, supra,* 486 N.E.2d at 552. Thus, our preceding discussion of the separate guaranty associations has no impact upon our original conclusion that I.C. 27–4–1–1 *et seq.* and its underlying public policy did not, expressly or impliedly, eliminate truth as a defense to libel. *See Evansville & Ohio Valley Ry. Co. v. Southern Indiana Rural Electric Corp.* (1953) 231 Ind. 648, 653, 109 N.E.2d 901, 903.

Gibraltar's other assertion on rehearing challenges our refusal to recognize the creation of a private cause of action in I.C. 27–4–1–4. This assertion is a revised version of Gibraltar's argument that I.C. 27–4–1–1 *et seq.* prohibits the type of communication herein challenged and that a violation of this provision may serve as the basis for an independent libel action. This same argument was unsuccessfully advanced in Gibraltar's original appeal and merits no consideration herein. Suffice it to say that whether the statutory provisions, which regulate unfair competition among insurers in Indiana, may be interpreted to provide a private cause of action for its enforcement is not a question before us. Gibraltar's original complaint did not purport to seek enforcement of the statute but rather was entitled "Verified Complaint for Libel and Slander." Gibraltar sued Hoosier and Loudermilk for *libel* contending that I.C. 27–1–6–15 was unconstitutional and that therefore any reference to Gibraltar's status pursuant to the statute was libelous. We disposed of that argument in our original opinion and Gibraltar has not convinced us that our decision should be otherwise.

Our opinion dated December 11, 1985, is hereby modified as expressed herein, and the petition for rehearing is denied in all other respects.

MILLER (participating by designation) and SHIELDS, JJ., concur.