Dale B. SKAGGS, Appellant (Defendant & Third–Party Plaintiff Below),

v.

MERCHANTS RETAIL CREDIT ASSOCIATION, INC., Appellee (Plaintiff Below),

and

General Telephone Company of Indiana, Inc., Appellee (Third–Party Defendant Below).

No. 02A03–8604–CV–00126.

Court of Appeals of Indiana, Third District.

Feb. 17, 1988.

Roland W. Gariepy, Fort Wayne, for appellant.

Christopher C. Myers, Wilks, Kimbrough, and Myers, Fort Wayne, for appellee.

STATON, Judge.

General Telephone Company of Indiana, Inc. (GTE) is a third party defendant in a suit brought by Merchants Retail Credit Association, Inc. (Retail Credit) against Dale B. Skaggs, who allegedly did not pay his phone bills on time. GTE was awarded summary judgment, and Skaggs appealed raising these issues:

1. Whether the trial court erroneously relied on a deficient affidavit;
2. Whether there are unresolved issues of material fact to preclude summary judgment; and
3. Whether the trial court erred when it assessed damages.

Affirmed.

GTE provided Skaggs with service for two telephone lines. On May 15, 1980, Skaggs acknowledged that his accounts with GTE were past due in the amounts of $3,291.54 for one line and $529.35 for the other. On that date Skaggs entered into two separate extended payment agreements whereby he was to pay $100.00 per month on each past due account until those balances were eliminated. Moreover, Skaggs agreed to pay his regular monthly service bills as they became due. Under the extended payment agreement, if Skaggs failed to pay either $100.00 per month on the past due balance or his current monthly bill, GTE would be allowed to disconnect his lines without further notice.

Subsequently, GTE determined that payments made by Skaggs were insufficient to satisfy the terms of the extended payment agreement and service for each of his lines was disconnected. GTE then assigned the Skaggs accounts to Retail Credit for collection. Retail Credit sued Skaggs who filed a counterclaim against GTE alleging misapplication of funds. This appeal arose after GTE successfully moved for summary judgment.

■ Skaggs' first complaint is that the affidavit which supported GTE's motion for summary judgment was deficient because it does not show that it was made on personal knowledge by a person competent to testify. While Indiana Rules of Procedure, Trial Rule 56(E) requires that affidavits be based on personal knowledge, caselaw makes it clear that if knowledge and competence of the maker can be inferred from the affidavit, it will pass muster. *Kahf v. Charleston South Apartments* (1984), Ind. App., 461 N.E.2d 723, 730, *trans. denied.*

■ The affidavit at issue reveals that its maker was employed by GTE and responsible for customer billing and collections. The statements contained in the affidavit are a recital of the payments and credits made by Skaggs to GTE. Although the maker did not aver personal knowledge of these amounts, it is possible to infer that because of her position with GTE, the maker had knowledge of the material parts of those statements. Similarly, the maker's competence to testify can be inferred from her employment in the billing and collections office of GTE. *French v. Hickman Moving and Storage* (1980), Ind.App., 400 N.E.2d 1384, 1387. Consequently, the affidavit at issue was properly considered by the trial court.

Skaggs next alleges that there were unresolved issues of material fact present to preclude summary judgment. Specifically, he argues that since both parties have moved for summary judgment there must be conflicting facts present.

■ The purpose of summary judgment proceedings is to terminate litigation when no factual basis exists and when a case may be determined as a matter of law. *E.Z. Gas, Inc. v. Hydrocarbon Transportation, Inc.* (1984), Ind.App., 471 N.E.2d 316, 318. It is not intended to be a means of circumventing jury trials, or to decide where the preponderance of the evidence lies before the evidence has been fully presented. *Joseph v. Calvary Baptist Church* (1986), Ind.App., 500 N.E.2d 250, 253, *reh. den.* When there are cross motions for summary judgment, the controlling factor is not whether the adverse party was successful or not but whether there exists a genuine issue of material fact.

*Gibraltar Mutual Insurance Co. v. Hoosier Insurance Co.* (1985), Ind.App., 486 N.E.2d 548, 550, *reh. den.*, 489 N.E.2d 592 (1986). In fact, summary judgment must be granted where there is no genuine issue of material fact and a moving party is entitled to judgment as a matter of law. *Middelkamp v. Hanewich* (1977), 173 Ind. App. 571, 581, 364 N.E.2d 1024, 1031, *trans. den.* Summary judgments may be proper where there are conflicting facts and inferences on some elements of a claim so long as there are no conflicting facts dispositive of the litigation. *Day v. Bicknell Minerals, Inc.* (1985), Ind.App., 480 N.E.2d 567, 570, *reh. den.*

According to Skaggs, there exists an unresolved issue of material fact regarding which set of extended payment contracts controls in this case. One set of contracts, one contract for each of the two lines used by Skaggs, was executed on May 13, 1980. Another set of contracts was executed on May 15, 1980. Both sets of contracts cover the same subjects with the later contracts changing only the amount of the initial payment due and the amount to be paid each month thereafter.

■ It is an old rule in Indiana that where a contract embraces the entire substance of a former contract, with some variations, the first contract is merged in the second. *McDonough v. Kane* (1881), 75 Ind. 181, 184. More recently, in *Michels v. Dyna–Kote Industries, Inc.* (1986), Ind. App., 497 N.E.2d 586, 589, *reh. den.*, it was held that a written contract is presumed to embody all prior negotiations and agreements. Thus, the question of which contract controls is not a factual one, rather it is a question of law for the trial court to decide. Skaggs has not offered us any authority to support an opposite conclusion.

Under the May 15th contract, in addition to paying his current monthly service charges on time, Skaggs was to make monthly payments toward his outstanding balance. These were due on the 13th of each month for one line and the 28th of each month for the other line. In his brief Skaggs admits that he was arguably delinquent under these contracts, and his own exhibits bear this out.

■ The extended payment agreements provide, *inter alia*, that failure to comply with the terms of the agreement constitutes a default entitling GTE to disconnect the lines without further notice. In his Exhibit 3, R. 107, Skaggs sets out that the payment due May 28, 1980 was not paid until June 6, 1980. Also, on the other line, the payment due June 13, 1980 was not paid until June 16, 1980, R. 108. These late payments are not disputed by GTE, see R. 123, and they are material facts that demonstrate a breach of the contracts signed by Skaggs. GTE was thus entitled to summary judgment.

■ Skaggs also complains that the damage award was excessive because the trial court assessed prejudgment interest. If a claim is based upon a contract whose terms make the claim ascertainable, prejudgment interest is allowable. *Courtesy Enterprises, Inc. v. Richards Laboratories* (1983), Ind.App., 457 N.E.2d 572, 580. In the extended payment agreements, Skaggs acknowledged the amount of money he owed for each line making the amount owed ascertainable. Therefore, the judgment was not in error.

■ Finally, GTE requests an award of appellate attorney fees under Indiana Rules of Procedure, Appellate Rule 15(G). An award under this rule is discretionary and it is appropriate where an appellant's conduct is vexatious, oppressive in the extreme, and a blatant abuse of the judicial process. *Maddox v. Wright* (1986), Ind. App., 489 N.E.2d 133, 138, *reh. den.* Non-persuasive arguments do not necessarily translate into frivolous appeals, and missing here is the strong showing of bad faith necessary to justify an award under the rule. *First National Bank of Danville v. Reynolds* (1986), Ind.App., 491 N.E.2d 218, 223, *trans. den.* (meritless appeal, without more, does not justify sanctions under A.R. 15). Appellate attorney fees are denied.

The trial court's judgment is affirmed.

GARRARD, P.J., and CONOVER, J., concur.