## Case No. 16,448.

UNITED STATES v. TEN CASES SHAWLS.

[2 Paine, 162;[1] 4 Hunt, Mer. Mag. 264.]

Circuit court, S. D. New York.[2]

CUSTOMS DUTIES—FORFEITURES—CONSTRUCTION OF LAWS—EVIDENCE.

1. The 14th section of the act of July 14, 1832 [4 Stat. 593], as it stands, does not declare any forfeiture to attach upon the mere want of correspondence between the goods and the entry as a substantive and independent ground of forfeiture.

2. Possibly there may be an omission of some words by which it was intended to declare a forfeiture in such case, but as it is a penal statute they cannot be supplied by intendment.
[Cited in brief in Illinois Cent. R. Co. v. People, 143 Ill. 437, 33 N. E. 173; Lancaster Co. v. Lancaster City, 160 Pa. St. 419, 28 Atl. 854.]

3. But more probably it was designed as an alteration of the 4th section of the act of May 28, 1830 [4 Stat. 410], by subjecting the article and not the whole package to forfeiture, when the package is found to contain an article not described in the invoice. "And" cannot be construed to mean "or" in a penal statute.

4. Where there is a misdescription of the whole package, it is not a cause of forfeiture under that clause of the 14th section of the act of July 14, 1832, which declares that if any package shall be found to contain any article not entered, such article shall be forfeited.

5. Under a count alleging that a package was made up with intent to evade and defraud the revenue, the plaintiff's evidence was, that the goods were invoiced and entered as worsted shawls, but were, in fact, part cotton and part worsted, but, that there was no attempt at concealment, and the cotton could be detected without difficulty; held, that this was competent, but so insufficient that its exclusion was no ground for reversal.

Error from the district court of the United States for the Southern district of New York.

An information was filed in the court below, against ten packages or cases of shawls, imported and entered at the cus-

[1] [Reported by Elijah Paine, Jr., Esq.]

[2] [Affirming Case No. 16,447. Date not given. 2 Paine includes cases decided between 1827 and 1840.]

tom-house in New York, and seized as forfeited by the collector, under the 14th section of the act of July 14, 1832. There were three counts in the information. The first count stated that said goods, being composed wholly or in part of wool or cotton, were entered at the custom-house by the invoice; that the collector caused the packages containing them to be opened, examined and appraised, and that thereupon said goods were found not to correspond with the entry. The second count stated, that upon such examination and appraisement, each package was found to contain articles not entered, that is to say, no one of the articles found in any of the packages had been entered. The third count stated, that upon such examination and appraisement, each of the packages was found to have been made up with intent to evade and defraud the revenue. On the trial, the entry and invoice were produced, from which it appeared that the goods were invoiced and entered as worsted goods. A witness was then called, who testified that he was the appraiser who examined the goods, and that they were all shawls of one kind, made of cotton and worsted. He further testified that there had been no attempt at concealment; everything was open, and he had no difficulty in detecting the cotton in the shawls. Upon this evidence, the counsel for the claimants requested the court to charge the jury that the claimants were in law entitled to a verdict in their favor. The court thereupon charged, that the first count presented no ground of forfeiture whatsoever, inasmuch as the particular clause of the fourteenth section of the act of congress of the 14th July, 1832, upon which this account was founded, was incomplete and ineffectual, no penalty being annexed to that clause; that under the second count, the entire package could not be forfeited on the ground that all its contents were misdescribed in the entry, the clause of the statute on which this count was founded · being confined to those cases in which one or more articles not entered are found in a package; and, as to the third count, that the fact of the shawls in question being in part cotton, was not, in itself, competent evidence tending to prove that the packages were made up with intent to evade or defraud the revenue. To this charge the counsel for the claimants excepted, and the jury found a verdict for the claimants. [Case No. 16,447.]

THOMPSON, Circuit Justice. This case is brought up on a writ of error from the district court for the Southern district of New York. It was an information filed in the court below, alleging a forfeiture of the goods in question,[3] under the 14th section

of the act of congress of the 14th of July, 1832, 8 [Blor. & D.] Laws, 701 [4 Stat. 593]. The information contained three counts, to meet the three classes of cases supposed to be embraced within that section of the law. That section declares, "that whenever, upon the opening and examination of any package or packages of goods composed wholly or in part of wool or cotton, in the manner provided by the 4th section of the act of the 28th of May, 1830, the said goods shall be found not to correspond with the entry thereof at the custom-house; and if any package shall be found to contain any article not entered, such article shall be forfeited; or if the package be made up with intent to evade or defraud the revenue, the package shall be forfeited; and so much of the said section (Acts 1830, § 4) as prescribes a forfeiture of goods found not to correspond with the invoice thereof, be and the same is hereby repealed." The first count in this information assumes that, under the 14th section of the act of 1832, a forfeiture of the goods attaches, if, upon the examination, it shall be found that the goods do not correspond with the entry at the custom-house; and this presents the question whether such is the construction to be given to this branch of the section. Looking to the provisions in the act of 1830, on this point, an alteration or amendment of which was intended by the act of 1832, it is not improbable that some mistake has occurred. But as the act now stands, it does not declare any forfeiture to attach upon the mere want of correspondence between the goods and the entry, as a substantive and independent ground of forfeiture. The effect or consequence of such want of correspondence is not declared; and if this was intended as a distinct ground for forfeiture, there must be an omission of some words indicating such

---

[3] "For the protection of its commerce," says Mr. Benedict, "for the collection of its revenues, and for the enforcement of all the regulations of its police in navigable waters, the United States, like all other commercial nations, find it necessary to impose penalties and forfeitures on goods afloat and on vessels, in relation to which the laws of trade, navigation and revenue, have been violated. In a great variety of such cases, the vessels and the goods are the only things within the reach of the courts and their process. Whenever, therefore, a penalty or forfeiture is attached to a ship or vessel, or goods on board of her, it is enforced by a seizure of the thing, and the proceeding to condemn it is a suit in the district court, in the name of the United States or other party, in whose favor the penalty or forfeiture is imposed." "It is the place of seizure, and not the place of committing the offence, which decides the jurisdiction. If the seizure be made in a foreign jurisdiction, or on the high seas, the district court of the district to which the property is brought has the jurisdiction. If the seizure be made within a judicial district of the United States, the district court of that district has the jurisdiction. If the seizure be unlawful, the party has his redress by a suit in personam in the admiralty; and the jurisdiction in this class of torts is coextensive with the jurisdiction of the seizure, and exists whether the seizure be on the high seas, in ports and harbors, or on the lakes and rivers of the interior."

intention, and which cannot be supplied by intendment in a penal statute. By the 4th section of the act of 1830, it is provided that if, upon the examination, any package shall be found to contain any article not described in the invoice, or if such package or invoice be made up with intent to defraud the revenue, the same shall be forfeited. The disjunctive particle "or" being used, the forfeiture declared may attach to the want of correspondence, as well as to the fraudulent intent; but in the act of 1832, the conjunctive particle "and" is used in the like connection, and which, in a penal statute, cannot be construed "or." But, independent of this consideration, if the want of correspondence is a distinct ground of forfeiture, it will include the second class, and render that provision entirely unnecessary; for if the package contained any article not entered, there would certainly be a want of correspondence between the goods and the entry. But although this section of the law is somewhat inartificially drawn, I am inclined to think there has been no omission or mistake in the phraseology. This 14th section of the act of 1832, was intended as an amendment or alteration of the 4th section of the act of 1830. Under that section, if, on examination, any package was found to contain any article not described in the invoice, it worked a forfeiture of the whole package; but, under the act of 1832, the forfeiture only attached upon the article not entered; and if, under the act of 1832, the want of correspondence is a distinct ground of forfeiture, it would work a forfeiture of the whole package, and defeat the alteration intended to be made in this respect; and I think the construction to be given to this 14th section of the act of 1832 is, that the collector is to make the examination required by the act of 1830, and, if the goods shall be found not to correspond with the entry at the custom-house, then the article or articles not entered, and which occasioned the want of correspondence, shall be forfeited. I think, therefore, that the decision of the district court upon this point was correct. The ruling of the court was placed upon the decision of this court, in the year 1834, in the case of U. S. v. Five Cases of Linen Tablecloths [Case No. 15,111]. I have not been able to find the opinion given in that case, and do not recollect the grounds on which it was put, and have accordingly considered it as a question now for the first time raised.

The ruling of the court on the second count in the information, was, I think, correct. That count claims the forfeiture by reason of a misdescription of the whole package; whereas the 14th section of the act of 1832 looks to the case where certain articles contained in the package were not entered, and attaches the forfeiture to such articles only. Under the act of 1832, if the package be made up with intent to evade or defraud the revenue, the whole package shall be forfeited. The entry of the goods was of worsted shawls, and the evidence was, that they were part cotton;

this, I think, was competent evidence under the count charging the package to have been made up with intent to evade or defraud the revenue. The evidence, however, was not excluded; and the opinion of the court with respect to it, was only an opinion upon the fact, that the shawls being part cotton, was not in itself competent evidence tending to prove that the package was made up with intent to evade or defraud the revenue. It might have been more correct for the judge to have told the jury that the evidence was not, in his opinion, sufficient to establish the fraud. But as this was the only evidence tending in any manner to show a fraudulent intent, and was so obviously insufficient to establish the fraud, I think the judgment ought not to be reversed on this ground. The judgment must, accordingly, be affirmed.