State *v.* Cleveland,, etc., R. Co.

THE STATE *v.* THE CLEVELAND, CINCINNATI, CHICAGO
AND ST. LOUIS RAILWAY COMPANY.

[No. 19,517.    Filed October 23, 1901.]

RAILROADS.—*Reporting Arrival of Trains.—Blackboard Law.—Size of Board.*—A railroad company is not liable under the penalty section of the act of 1889 as amended by the act of 1897 (Acts 1889, p. 279, Acts 1897, p. 176) for maintaining a blackboard thirty-four inches long and eighteen inches wide instead of three feet long and two feet wide for the announcement of the arrival of trains, since the penalty applies for failure to make the required report of trains, not for failure to maintain a blackboard of the dimensions specified.

From Fountain Circuit Court; *Joseph M. Rabb,* Judge.

Action by State against the Cleveland, etc., R. Co., to recover penalties for failure to maintain blackboard of dimensions provided by statute for the announcement of the arrival of trains. From a judgment in favor of defendant, plaintiff appeals. *Affirmed.*

*J. W. Brissey* and *L. Nebeker,* for State.
*J. T. Dye* and *L. J. Hackney,* for appellee.

HADLEY, J.—Action to recover penalties for violation of the provisions of the act of 1889 (Acts 1889, p. 279) as amended in 1897 (Acts 1897, p. 176), commonly known as the "Blackboard law". Demand $20,000. A demurrer was sustained to each of the two paragraphs of complaint, and plaintiff refusing to amend, judgment was rendered against it.

The single question presented for decision is whether the penalty provided by section two of the statute is recoverable in a case where the defendant has complied with all the provisions of the law, except in the use of a blackboard "not less than *three feet long and two feet wide.*" Or in other words, is the defendant liable solely because of using a blackboard thirty-four inches long and eighteen inches wide? The statute reads: "Sec. 1. That every corporation, com-

State *v.* Cleveland, etc., R. Co.

pany or person operating a railroad within this State, shall immediately after taking effect of this act, cause to be placed in a conspicuous place in each passenger depot of such company located at any station in this State, at which there is a telegraph office, a blackboard at least three feet long and two feet wide, upon which such corporation, company or person, shall cause to be written, at least thirty minutes before the schedule time for the arrival of each passenger train stopping upon such route at such station, the fact whether such train is on schedule time or not, and if late, how much: Provided however, That any device, indicator or register, painted or printed in large letters and figures giving the required information set forth in this act, in a more legible form than is practicable on a blackboard, may be substituted in place of said blackboard: And, provided further, That the provisions of this act shall not apply to any freight train carrying passengers, or any train carrying both freight and passengers, or to any stations during hours when railroad companies do not regularly have a telegraph operator or operators on duty at any such telegraph office. Sec. 2. That for each violation of the provisions of this act, in failing to report or in making a false report, such corporation, company or person so neglecting or refusing to comply with the provisions of this act shall forfeit and pay the sum of $25, to be recovered in a civil action, to be prosecuted by the prosecuting attorney of the county in which the neglect or refusal occurs, in the name of the State of Indiana, one-half of which shall go to said prosecuting attorney and the remainder shall be paid over to the county in which such proceedings are had, and shall be part of the common school fund."

In substance it is alleged in the second paragraph of complaint that at no time between stated dates did the defendant, in or about its said passenger depot, cause to be placed, or cause to be written upon, a blackboard which was at least

three feet long and two feet wide the things required by the statute; and in the third paragraph—that at no time between the same dates did the defendant, in or about its said passenger depot, cause to be placed or cause to be written upon a blackboard of greater dimensions than thirty-four inches long and eighteen inches wide the things required by the statute.

The statute, being penal, is subject to the rule of strict construction. 23 Am. & Eng. Ency. of Law, 378; Sedgwick on Stat. Con. pp. 296, 302; Endlich on Stat. Con. §340; Black on Int. of Laws, p. 300.

Strict construction requires us to confine the operation of the statute to the subjects specified. *Western Union Tel. Co.* v. *Steele,* 108 Ind. 163.

"A court cannot create a penalty by construction, but must avoid it by construction, unless it is brought within the letter and the necessary meaning of the act creating it." *Western Union Tel. Co.* v. *Axtell,* 69 Ind. 199; *Burgh* v. *State, ex rel.,* 108 Ind. 132.

While the rule of strict construction will not sanction the abridgment of the manifest intention of the legislature, it must be said that it requires the solution of doubts and ambiguities against the infliction of penalties, and forbids the exaction, when the right is not clearly apparent from the terms of the act itself. The court must interpret such a statute as it finds it. It can not supply omissions by intendment. The trend of the authorities is clearly expressed in these words: "Where the penal clause is less comprehensive than the body of the act, the courts will not extend the penalties provided therein to the classes of persons or things not embraced within the penal clause, even where there is a manifest omission or oversight on the part of the legislature." 23 Am. & Eng. Ency. of Law, 382; *Brooks* v. *State,* 88 Ala. 122, 127, 6 South. 902; *State* v. *Mayor,* 47 Atl. (N. J.) 440; *United States* v. *Hadden,* 2 Paine 162; *Thomas* v. *Stephenson,* 2 Ell. & Bl. 108, 75 E. C.

L. 107; *Broadhead* v. *Holdsworth,* L. R. 2 Exch. 321; *Underhill* v. *Longridge,* 29 L. J. Mag. Cas. 65; *Coe* v. *Lawrance,* 1 Ell. & Bl. 516, 72 E. C. L. 516; *Daniels* v. *State,* 150 Ind. 348, 358.

It is important to note the peculiar language of the penalty section of the statute, to wit: "That for each violation of the provisions of this act *in failing to report, or in making a false report"* such corporation shall forfeit, etc. The first or civil section imposes upon railroad companies the duty (1) to cause a blackboard not less than three feet long and two feet wide to be placed in or about its passenger stations, (2) in a conspicuous place, (3) to write upon such board the time of arrival of its passenger trains, and (4) to do such writing not less than thirty minutes before the scheduled time of arrival of its trains. While it was undoubtedly competent for the legislature to attach a penalty to the failure to put up a blackboard of the prescribed dimensions, and to the failure to put it up in a conspicuous place, and likewise to the failure to write the required information upon the blackboard at least thirty minutes before the time for the arrival of its trains, it was equally competent for that body to omit a penalty for such things, and impose it upon the neglect of what it deemed a more important duty. The obvious purpose of the act, as suggested in *State* v. *Indiana, etc., R. Co.,* 133 Ind. 69, 18 L. R. A. 502, was to require railroad companies to give out to the waiting public information as to the time of arrival of its trains. The means to that end are enjoined, but the only source of benefit to the public is the information required, and its timely and accurate communication in writing is the only thing of grave importance to be safeguarded with a penalty. If the public is timely and correctly served it can make no material difference whether the information is received from a blackboard thirty-six by twenty-four inches or from one thirty-four by eighteen inches. In any case the subject was for the consideration and treatment of the lawmakers, and if they in creating

several duties declared that a breach of the one, clearly the most important, shall be visited with a forfeiture of $25 for each offense, and fail to make a similar declaration as to the others, to assume that they meant more than they expressed, would be treading on dangerous, as well as forbidden, grounds.

We hold, therefore, that the penalty clause of the statute in question does not apply to the size of the blackboard.

Judgment affirmed.