**Ronald RUDOLPH, Appellant
(Petitioner Below),**

v.

**STATE of Indiana, Appellee
(Respondent Below).**

**No. 49A02–8911–PC–603.**

Court of Appeals of Indiana,
Second District.

Jan. 15, 1991.

Transfer Denied April 2, 1991.

Susan K. Carpenter, Public Defender, Novella L. Nedeff, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Mary Dreyer, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

SHIELDS, Presiding Judge.

Ronald Rudolph appeals the denial of his petition for post-conviction relief.

We reverse.

1. IC 9–12–3–2 (1988).

2. IC 35–43–5–2 (1988).

3. IC 9–4–13–14 (1982) (repealed 1984) in relevant part reads:

> A person found to be an habitual traffic offender who operates a motor vehicle while the order of the court prohibiting operation remains in effect commits a class D felony. In addition, a conviction of this felony shall work a forfeiture of the privilege of operating a motor vehicle for the life of the person so convicted.

4. IC 9–12–3–1 (1988) reads:

## ISSUE

Whether Rudolph's guilty pleas to the offenses of operating a motor vehicle after driving privileges are forfeited for life,[1] a class C felony, and forgery,[2] a class C felony, were knowing, intelligent and voluntary when his lifetime forfeiture of driving privileges occurred under IC 9–4–13–14 (1982) (repealed 1984) rather than IC 9–12–3–1 (1988).

## FACTS

In 1983 Rudolph's driving privileges were forfeited for life under IC 9–4–13–14.[3] In 1986, Rudolph was charged and pled guilty to operating a motor vehicle while privileges are forfeited for life under IC 9–12–3–2 (1988) and to forgery. A few months after sentencing Rudolph filed a petition for post-conviction relief in which he claimed his guilty pleas were not knowing, voluntary and intelligent because there was not a factual basis for his plea to the operating offense. The trial court denied the petition; Rudolph appeals.

## DISCUSSION

Rudolph argues the lifetime forfeiture of his driving privileges under IC 9–4–13–14 in 1983 cannot support his 1986 guilty plea to operating a motor vehicle in violation of IC 9–12–3–2 (1988). This latter statute provides "[a] person who operates a motor vehicle after his driving privileges are forfeited for life under section 1 [IC 9–12–3–1 (1988)[4]] of this chapter commits a Class C felony." Rudolph's driving privi-

> (a) A person who operates a motor vehicle:
> (1) while the person's driving privileges are suspended under IC 9–12–2; or
> (2) in violation of restrictions imposed under IC 9–12–2;
> commits a Class D felony.
> (b) In addition to any criminal penalty, a person who is convicted of a felony under subsection (a) forfeits the privilege of operating a motor vehicle for life. However, if judgement for conviction of a Class A misdemeanor is entered for an offense under subsection (a), the court may order a period of suspension of the convicted person's driving privileges that is in addition to any suspension of driving privileges already imposed upon the person.

leges were not "forfeited for life under section 1 of this chapter;" they were forfeited for life under IC 9–4–13–14. Although the legislature could have enacted a statute which defined the elements of the offense in terms such that a lifetime forfeiture under the repealed statute would suffice, it chose not to do so when it required a conviction had to be "under section 1 of this chapter." The plain language of the statute is clear.

There is no merit to the State's argument the savings clause enacted by the legislature with the repeal of IC 9–4–13–14 permits the use of convictions under IC 9–4–13–14 to support a guilty plea under IC 9–12–3–2. The provision reads:

[T]he repeal of IC 9–4–13 by SECTION 2 of this act does not affect any:

(1) rights or liabilities accrued;

(2) penalties incurred; or

(3) proceedings begun;

before April 1, 1984.

P.L. 107–1985 Section 20. Its subject matter does not address the use of a conviction under IC 9–4–13–14 as an element of the offense defined in IC 9–12–3–2. The provisions of the general savings clause, IC 1–1–5–1 (1988),[5] suffer the same deficiency.

Inasmuch as Rudolph had not had his driving privileges forfeited for life under IC 9–12–3–1, a factual basis for his guilty plea and conviction for operating a motor vehicle while privileges are suspended for life did not exist. Therefore, his conviction of that offense cannot stand. *See Larry v. State* (1985), Ind., 477 N.E.2d 94. The post-conviction court erred when it failed to vacate Rudolph's guilty plea and conviction of the operating offense.

Further, the voluntariness of Rudolph's guilty plea to the forgery count is suspect because he entered the plea pursuant to a plea agreement which required an invalid plea to the operating count. *See Niece v. State* (1983), Ind.App., 456 N.E.2d 1081. In fact, although the post-conviction court did not make findings of fact and conclusions of law pertaining to the claim, Rudolph testified at his post-conviction hearing that had he known of the defect in his plea to the operating offense he would not have pled guilty to the forgery offense. Therefore, it is appropriate, under the circumstances in this case, for the post-conviction court to allow Rudolph, if he so chooses, to withdraw his plea of guilty to the forgery count and to proceed to trial thereon.

Therefore, we reverse the post-conviction court's judgment and remand the cause with instruction to vacate Rudolph's conviction of operating a motor vehicle after driving privileges are forfeited for life and to allow Rudolph, if he so chooses, to withdraw his plea of guilty to the forgery count and to proceed to trial thereon.

Judgment reversed and cause remanded for further proceedings.

BUCHANAN and SULLIVAN, JJ., concur.

---

5. IC 1–1–5–1 (1988) in relevant part reads:
And the repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture or liability incurred under such statute, unless the repealing act shall so expressly provide; and such statute shall be treated as still remaining in force for the purposes of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture or liability.