**STATE of Indiana, Appellant–Plaintiff,**

v.

**Kerry GEISE, Appellee–Defendant.**

No. 18A02–9202–CR–58.

Court of Appeals of Indiana,
Second District.

July 21, 1992.

Linley E. Pearson, Atty. Gen., Preston Black, Deputy Atty. Gen., Indianapolis, for appellant-plaintiff.

Alan K. Wilson, Muncie, for appellee-defendant.

BUCHANAN, Judge.

## CASE SUMMARY

The State appeals from the dismissal of the charge of operating a vehicle while intoxicated while having a previous conviction[1] against defendant-appellee Kerry Geise (Geise), claiming the trial court misconstrued the pertinent statutes.

We affirm.

## FACTS

The facts most favorable to the trial court's judgment reveal that on July 6, 1991, Geise was operating a motor vehicle while intoxicated. On August 21, 1991, an information was filed, with three counts, alleging 1) that Geise operated a vehicle while intoxicated,[2] 2) that he operated a vehicle with a blood alcohol content greater than .10%,[3] and 3) that he operated a vehicle while intoxicated with a previous conviction of operating while intoxicated within 5 years. Geise had previously been convicted of operating a vehicle while intoxicated on September 26, 1990.

Geise moved to dismiss the third count because his 1990 conviction did not fall within the statutory definition of a "previous conviction of operating while intoxicated." Ind.Code 9–13–2–130 (1991 Supp.) [hereinafter referred to as the 1991 Definition Statute]. The trial court agreed and dismissed the charge.

## ISSUE

Whether Geise's 1990 conviction constituted a

"previous conviction" under the 1991 Definition Statute?

1. Ind.Code 9–30–5–3 (1991 Supp.) [hereinafter referred to as the Felony DWI Statute].

2. IC 9–30–5–2.

3. IC 9–30–5–1.

## DECISION

*PARTIES' CONTENTIONS*—The State argues that the trial court misconstrued the 1991 Definition Statute by ignoring a savings clause and that the trial court's construction results in an absurdity. Geise responds that the 1991 Definition Statute must be construed against the State and that the trial court read the statute correctly.

*CONCLUSION*—The trial court properly dismissed the charge.

In 1991, the Indiana General Assembly recodified the laws relating to motor vehicles. 1991 Ind. Acts Pub.L. No. 2–1991 [hereinafter referred to as the 1991 Act]. As part of the recodification, the previous statutory provisions governing motor vehicles were repealed and replaced.

The new Felony DWI Statute, which replaced Ind.Code 9–11–2–3,[4] provided:

"A person who violates section 1 or 2 of this chapter commits a Class D felony if:

(1) the person has a previous conviction of operating while intoxicated; and

(2) the previous conviction of operating while intoxicated occurred within the five (5) years immediately preceding the occurrence of the violation of section 1 or 2 of this chapter."

IC 9–30–5–3.

The 1991 Definition Statute, which replaced IC 9–11–1–6.5, provided:

" 'Previous conviction of operating while intoxicated' means a previous conviction:

(1) in Indiana of:

(A) an alcohol related or drug related crime under Acts 1939, c. 48, s. 52, as amended, or IC 9–4–1–54 (repealed on September 1, 1983); or

(B) a crime under IC 9–30–4–1 through IC 9–30–4–9; or

(2) in any other jurisdiction in which the elements of the crime for which the con-

4. Before the recodification of the 1991 Act, Indiana's drunk driving laws were codified at 9–11–2.

viction was entered are substantially similar to the elements of a crime described in IC 9–30–4–1 through IC 9–30–4–9." IC 9–13–2–130.

On its face the 1991 Definition Statute contained two mistakes. The first is that the statute referred to IC 9–30–*4* when it should have referred to IC 9–30–*5*, and the second was that the statute did not include previous convictions under IC 9–11–2, the statutory provisions replaced in the recodification, in its definition.

These mistakes were corrected by the legislature in 1992. 1992 Ind. Acts Pub.L. No. 1–1992, effective February 21, 1992. We need not consider mistake number one because mistake number two is the basis for our affirmance of the trial court's judgment, i.e. the omission of convictions under IC 9–11–2 from the statutory definition of "previous conviction of operating while intoxicated" in the 1991 Definition Statute precludes Geise's conviction under the Felony DWI Statute.

By a literal reading of the statutes, Geise could not be convicted of a class D felony under the Felony DWI Statute because his 1990 conviction was not a "previous conviction of operating while intoxicated" under the 1991 Definition Statute. So it would appear the trial court properly dismissed the third count of the information.

The State seeks succor in an uncodified savings clause to the 1991 Act. The savings clause provided:

"(a) This act is intended to be a codification and restatement of applicable or corresponding provisions repealed by SECTION 109 of this act. If this act repeals and replaces a provision in the same form or in a restated form, the substantive operation and effect of that provision continue uninterrupted.

(b) This act does not affect any:

(1) *rights or liabilities accrued;*

(2) penalties incurred;

(3) *violations committed;* or

(4) proceedings begun

before the effective date of this act. Those rights liabilities, penalties, offenses, and proceedings continue and shall be imposed and enforced under prior law as if this act had not been enacted.

(c) A reference in a statute or rule to a statute that is repealed and replaced in the same or a different form in this act shall be treated after the effective date of the new provision as a reference to the new provision."

P.L. 2–1991 § 111 (emphasis supplied).

The State would classify Geise's 1990 conviction as a "previous conviction" under the former statute, IC 9–11–1–6.5, as a "liability accrued" and a "violation committed" before the effective date of the 1991 Act. Therefore, pursuant to the savings clause, it is not affected by the 1991 Act.

Under the predecessor of the Felony DWI Statute, IC 9–11–2–3, having a previous conviction of operating while intoxicated was not a liability until the person committed a *subsequent* violation of IC 9–11–2. Since Geise did not commit another violation of any provision of IC 9–11–2, the fact he had a previous conviction cannot logically be considered a liability. While Geise's 1990 conviction remains a previous conviction under IC 9–11–2, that fact is irrelevant to the question of whether he violated the Felony DWI Statute because a previous conviction under IC 9–11–2 does not constitute a "previous conviction of operating while intoxicated" under the 1991 Definition Statute. The savings clause does not support the State's position.

The State also asks that we supply the omitted portion of the 1991 Definition Statute by implication. Arguing that construing the 1991 Definition Statute as not including violations of IC 9–11–2 would be absurd, the State seeks to supplement the statute by construction, citing *Woerner v. City of Indianapolis* (1961), 242 Ind. 253, 177 N.E.2d 34, *cert. denied* (1962), 368 U.S. 989, 82 S.Ct. 605, 7 L.Ed.2d 526.

In *Woerner*, the Supreme Court was considering an annexation ordinance which related to real estate described as being located in "Township 16 North" when the real estate was actually located in "Township *15* North." The Court concluded:

"[A]lthough the language employed in the enactment may be technically free from uncertainty or ambiguity, in construing the acts of the legislature courts may provide minor omissions or make minor substitutions in the enactments of the legislature where (1) such action is necessary in order to give vitality to or prevent absolute absurdity in the acts of the legislature; (2) an omission has occurred or a correction is necessary because of clerical or typographical error; (3) the legislation, as enacted, was obviously not within the comprehension of the legislative body, and (4) the legislative intention, with respect to the enactment, is clear."

*Id.* 242 Ind. at 263–64, 177 N.E.2d at 38.

As Geise points out, the law with respect to the construction of criminal statutes is more restrictive. "However, this Court strictly construes penal statutes against the state *to avoid enlarging them by intendment or implication beyond the fair meaning of the language used." State v. Keihn* (1989), Ind., 542 N.E.2d 963, 965 (emphasis supplied).

Our Supreme Court was even more specific in *State v. Cleveland, C., C. & St. L. Ry. Co.* (1901), 157 Ind. 288, 61 N.E. 669, when it said:

"While the rule of strict construction will not sanction the abridgment of the manifest intention of the legislature, it must be said that it requires the solution of doubts and ambiguities against the infliction of penalties, and forbids the exaction, when the right is not clearly apparent from the terms of the act itself. The court must interpret such a statute as it finds it. *It cannot supply omissions by intendment.* The trend of the authorities is clearly expressed in these words: 'Where the penal clause is less comprehensive than the body of the act, the courts will not extend the penalties provided therein to the classes of persons or things not embraced within the penal clause, *even where there is a manifest omission or oversight on the part of the legislature.'* 23 Am. & Eng.Enc. Law p. 382...."

*Cleveland, supra* at 290, 61 N.E. at 670 (emphasis supplied).

Indiana courts have previously refused to correct omissions in criminal statutes by construction. In *State v. Squibb* (1908), 170 Ind. 488, 84 N.E. 969, the Supreme Court had before it a statute which provided: "That no person either by his servant or agent, or as the servant or agent of another person, shall sell ... adulterated milk...." *Id.* at 489, 84 N.E. at 970. The Court concluded that the legislature had not included principals within the scope of the statute, and refused to expand the statute to cover persons who did not sell adulterated milk by or through servants or agents. *Id.*

In *Gore v. State* (1983), Ind.App., 456 N.E.2d 1030, this court considered a statute which provided that property held as evidence, which may be lawfully possessed, must be returned to its rightful owner at the completion of trial. A defendant convicted of selling drugs sought the return of the money paid for the drugs. The legislature had not provided that the *money* could not be lawfully possessed. We observed: "penal statutes cannot be construed to include anything beyond their letter, *though within their spirit*, and such statutes *cannot be enlarged by construction, implication, or intendment* beyond the fair meaning of the language used." *Id.* at 1033 (emphasis supplied). We concluded that the money had to be returned to the defendant even though we believed the omission to be an oversight rather than a deliberate election.

So we must conclude that the rules of construction of penal statutes mandate the dismissal of the third count against Geise. The 1991 Definition Statute cannot be fairly read to include previous convictions under IC 9–11–2, and we will not enlarge its scope by construction, intendment or implication. *Keihn, supra; Squibb, supra; Cleveland, supra; Gore, supra.*

Judgment affirmed.

SHIELDS and MILLER, JJ., concur.