STATE of Indiana, Appellant–Petitioner,

v.

Antone McGILL, Appellee–Respondent.

STATE of Indiana, Appellant–Petitioner,

v.

Charles SKAGGS, Appellee–Respondent.

No. 49A04–9305–CR–168.

Court of Appeals of Indiana,
Fourth District.

Oct. 28, 1993.

Pamela Carter, Atty. Gen., Cynthia L. Ploughe, Deputy Atty. Gen., Indianapolis, for appellant.

Charles A. Walton, Jr., Walton & Pratt, Dennis L. Thomas, Jr., Thomas & Paino, Indianapolis, for appellees.

CONOVER, Judge.

The State appeals the trial court's grant of Defendants–Appellees Antone McGill's and Charles Skaggs's motions to dismiss charges of operating a motor vehicle after license forfeited for life. IND. CODE 9–30–10–17.

We reverse.

The State's single issue for review is whether the trial court erred when it dismissed the charges.

On September 18, 1992, the State charged McGill with operating a motor ve-

hicle after his license was forfeited for life. IC 9–30–10–17. Skaggs was charged with the same offense on June 22, 1992. The driving privileges of each were declared forfeited under a prior law which was replaced by the statutes codified by P.L. 2–1991.

On different dates, McGill and Skaggs filed motions to dismiss the charges, alleging that since their driving privileges were forfeited under prior law, IC 9–30–10–17 was inapplicable to them. This is a consolidated appeal because the two cases contain a common question of law.

The State contends the trial court erred in granting the defendants' motions to dismiss charges under IC 9–30–10–17. In their motions to dismiss, McGill and Skaggs claimed their charges under IC 9–30–10–17 could not stand because their forfeiture of driving privileges occurred under the repealed Article 12, not IC 9–30–10–16, and the new statute IC 9–30–10–17 is silent as to forfeitures of driving privileges for life under Article 12.

■ We are to strictly construe penal statutes against the State to avoid enlarging them by intendment or implication beyond the fair meaning of the language used. *State v. Keihn* (1989), Ind., 542 N.E.2d 963, 965. While the rule of strict construction will not sanction the abridgement of the manifest intention of the legislature, it must be said that doctrine requires the resolution of doubts and ambiguities against the infliction of penalties. Where the penal clause is less comprehensive than the body of the act, the court will not extend the penalties provided therein to classes of persons not embraced within the penal clause, even where there is a manifest omission or oversight on the part of the legislature. *State v. Cleveland, D.C. & St. L. Ry. Co* (1901), 157 Ind. 288, 61 N.E. 669, 670.

■ The statute under which the defendants forfeited their driving privileges IC 9–12–3–1 provided, in relevant part, as follows:

(a) A person who operates a motor vehicle:

(1) while the person's driving privileges are suspended under I.C. 9–12–2; or

(2) in violation of restrictions imposed under I.C. 9–12–2;

commits a Class D felony.

. . . .

IC 9–12–3–2 then provided as follows:

A person who operates a motor vehicle after his driving privileges are forfeited for life under section 1 of this chapter commits a class C felony.

In 1991, the legislature enacted P.L. 2–1991, which codified, revised, and rearranged laws concerning motor vehicles. It added the present IC 9–30 and repealed IC 9–12. In the new codification, IC 9–30–10–16 provides, in relevant part:

(a) A person who operates a motor vehicle:

(1) while the person's driving privileges are suspended under this chapter; or

(2) in violation of restrictions imposed under this chapter;

commits a Class D felony.

. . . .

IC 9–30–10–17 provides:

A person who operates a motor vehicle after the persons' driving privileges are forfeited for life under section 16 of this chapter commits a class C felony.

The State acknowledges by a literal reading of the statute, McGill and Skaggs could not be convicted under IC 9–30–10–17 because their earlier forfeitures were not under section 16 of IC 9–30–10. However, it argues the uncodified savings clause, P.L. 2–1991, § 111 permits convictions under IC 9–12–3–1 to support a conviction under IC 9–30.

The savings clause, P.L. 2–1991, § 111 provides:

(a) This act is intended to be a codification and restatement of applicable or corresponding provisions repealed by SECTION 109 of this act. If this act repeals and replaces a provision in the same form or in a restated form, the substantive operation and effect of that provision continue uninterrupted.

(b) This act does not affect any:

(1) rights or liabilities accrued;

(2) penalties incurred;

(3) violations committed; or

(4) proceedings begun;

before the effective date of this act. Those rights, liabilities, penalties, offenses, and proceedings continue and shall be imposed and enforced under prior law as if this act had not been enacted.

(c) A reference in a statute or rule to a statute that is repealed and replaced in the same or a different form in this act shall be treated after the effective date of the new provision as a reference to the new provision.

On two occasions recently, we have discussed a similar question. In *Rudolph v. State* (1991), Ind.App., 565 N.E.2d 338, the defendant's driving privileges had been forfeited in 1983 under IC 9–4–13–14. That statute was repealed in 1984. In 1986, Rudolph pled guilty to operating a motor vehicle in violation of the new statute, IC 9–12–3–2 which required the forfeiture to have occurred pursuant to the replacement statute. Finding the language of the new statute clear, we turned to the savings clause contained in the act repealing the previous statute. The 1984 the savings clause in the repealing act stated:

[T]he repeal of I.C. 9–4–13 by SECTION 2 of this act does not affect any:

(1) rights or liabilities accrued;

(2) penalties incurred; or

(3) proceedings begun;

before April 1, 1984.

We found the savings clause insufficient because the subject matter of the clause did not address the use of a conviction under IC 9–4–13–14 as an element of the offense defined in IC 9–12–3–2. Likewise, we found the general savings clause contained in the act insufficient for the same reason. That clause read:

And the repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the repealing act so expressly provide; and such statute shall be treated as still remaining in force for the purposes of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture or liability.

In the present case, section (a) of the savings clause states the purpose of the act is to be a recodification and restatement of laws and where the act "repeals and replaces a provision in the same form or in a restated form, the substantive operation and effect of that provision continues uninterrupted." As shown above, IC 9–12–3–1 and IC 9–30–10–16 are restatements of each other as are IC 9–12–3–2 and IC 9–30–10–17. Section (c) of the savings clause explicitly addresses statutes which refer to a repealed and replaced statute unlike the savings clause in *Rudolph*. The savings clause requires that such a reference in a repealed and replaced statute "shall be treated ... as a reference to the new provision."

In the second case, *State v. Geise* (1992), Ind.App., 596 N.E.2d 244, the defendant had a prior DWI conviction under IC 9–11–2. That statute was repealed by P.L. 2–1991 and was replaced by IC 9–30–5. After the new law took effect, the defendant was again arrested for DWI and was charged with operating with a prior conviction under the new statute, IC 9–30–5–3. This new statute provided a person who violated section 1 or 2 of the chapter committed a class D felony "if he had a previous conviction of operating while intoxicated." This term had a specific statutory definition in IC 9–13–2–130, which omitted the statutes found in IC 9–11–2. While this mistake of omission was later corrected by the legislature, that omission led us to find the defendant's prior conviction was not within the statutory definition of that element.

The anomaly in *Geise* is not present in the instant case. Here, we are not dealing with a specific definition of a term or with a specific listing of applicable prior statutes from which only one has been omitted.

We find the savings clause here to be adequate. The repealed statutes and those

which replaced them are virtually identical. Pursuant to section (a) of the savings clause, the substance of the repealed statutes continues uninterrupted. Further, section (c) of the savings clause explicitly requires the reference to other statutes in the repealed sections be treated as a reference to the new provision. Therefore, the trial court erred in dismissing the charges. The State should be permitted to proceed against McGill and Skaggs for their violation of IC 9–30–10–17.

Reversed.

MILLER and CHEZEM, JJ., concur.