**Waymon C. HOLT, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 49S05–9408–CR–784.

Supreme Court of Indiana.

Aug. 16, 1994.

Susan K. Carpenter, Public Defender of Indiana, J. Michael Sauer, Deputy Public Defender, Indianapolis, for appellant.

Pamela Carter, Attorney General of Indiana, Joseph F. Pieters, Deputy Attorney General, Indianapolis, for appellee.

SHEPARD, Chief Justice.

Defendant Waymon Holt moved to dismiss a charge of operating a motor vehicle after his privileges were forfeited for life. Holt argued that he could not be convicted under the current statute because his privileges were forfeited under a section of the Indiana Code that had since been repealed. The trial court denied the motion and, on interlocutory appeal, the Court of Appeals affirmed. *Holt v. State* (1993), Ind.App., 627 N.E.2d 461. The Court of Appeals was correct.

On April 16, 1990, the Indiana Bureau of Motor Vehicles determined that Holt had been operating a vehicle as an habitual traffic offender and revoked his driving privileges for life under Ind.Code Ann. § 9–12–3–1 (West Supp.1990), *repealed by,* P.L. 2–1991, sec. 109, I 1991 Ind.Acts 191, 736. On April 13, 1993, the police caught Holt driving again and arrested him for driving while intoxicated, Ind.Code Ann. § 9–30–5–2 (West 1992), and driving after his privileges had been forfeited for life, Ind.Code Ann. § 9–30–10–17 (West 1992) (amended 1993).

Holt claims that he did not violate § 9–30–10–17 because that section applies expressly and exclusively to individuals who drive after their "driving privileges are forfeited for life under section 16 of this chapter." He lost his privileges, the argument goes, under § 9–12–3–1, the predecessor to section 16, and so

may not be prosecuted under section 17 of the current statute.

The Court of Appeals relied on the consolidated case of *State v. McGill* (1993), Ind. App., 622 N.E.2d 239, in upholding the trial court's denial of Holt's motion to dismiss. As in the present case, the two defendants in *McGill* were charged under § 9–30–10–17 for driving after their privileges had been forfeited for life under § 9–12–3–1. The trial court had dismissed the charges, but the Court of Appeals reversed, concluding that the uncodified savings clause in the 1991 enactment permitted prosecutions under § 9–30–10–17 based on convictions under the repealed statute.

The savings clause preserves the "substantive operation and effect" of provisions repealed and replaced "in the same form or in a restated form" and directs that references to repealed and replaced sections shall be treated as references to the provisions replacing them. P.L. 2–1991, sec. 111. Noting that § 9–30–10–16 restates § 9–12–3–1, the Court of Appeals held the previous forfeiture of driving privileges required for conviction under § 9–30–10–17 included both forfeitures under section 16 and its predecessor § 9–12–3–1. We agree.

We grant transfer and adopt the opinion of the Court of Appeals under Ind.Appellate Rule 11(B)(3).

The trial court is affirmed.

DeBRULER, GIVAN, DICKSON and SULLIVAN, JJ., concur.