Wayne SCHENK, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 82A01–0806–CR–301.

Court of Appeals of Indiana.

Nov. 14, 2008.

Transfer Denied Jan. 8, 2009.

Mark A. Foster, Foster & O'Daniel, LLP, Evansville, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Jodi Kathryn Stein, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

KIRSCH, Judge.

Following a guilty plea, Wayne Schenk appeals his sentence for operating a motor vehicle with an alcohol concentration equivalent of. 15 or greater with a prior conviction for operating while intoxicated,[1] as a Class D felony. Schenk raises one issue: whether the trial court erred in finding that an operating while intoxicated conviction, under a repealed but recodified statute, constituted a prior conviction for purposes of determining that six months of his sentence was non-suspendable under IC 35–50–2–2(b)(4)(R).

We affirm.

### FACTS AND PROCEDURAL HISTORY

In November 2007, Schenk was arrested and charged with operating a vehicle while intoxicated ("OWI"). The State charged Schenk with OWI with a prior OWI conviction as a Class D felony. Schenk pleaded guilty under an Amended Plea Agreement, the terms of which, in pertinent part, provided:

4. That pursuant to the above-mentioned plea negotiations, the Defendant agrees to be sentenced to the Indiana Department of Correction[ ] for a period of eighteen (18) months, to be served on Adult Alcohol Abuse Probation Service (AAPS). The Court is to determine whether the Defendant is minimum non-suspend-

---

1. *See* IC 9–30–5–3.

ed under 35–50–2–2 and if so, the Defendant will serve six (6) months executed on the Electronic Home Detention Program.

*Appellant's App.* at 24. Finding that Schenk had two prior convictions for OWI, the trial court sentenced Schenk to eighteen months, with six months executed on home detention and twelve months on AAPS. Schenk now appeals.

## DISCUSSION AND DECISION

Schenk contends that the trial court misinterpreted IC 35–50–2–2(b)(4)(R) when it determined that six months of his sentence was non-suspendable. Interpretation of a statute is a matter of law which we review *de novo. State v. Ray,* 886 N.E.2d 43, 46 (Ind.Ct.App.2008); *Jacks v. State,* 853 N.E.2d 520, 522 (Ind.Ct.App.2006). The cardinal rule of statutory construction is to determine and give effect to the true intent of the legislature. *Ray,* 886 N.E.2d at 46; *Jacks,* 853 N.E.2d at 522.

Where the felony committed is an offense under IC 9–30–5 (operating a vehicle while intoxicated), and the person who committed the offense has accumulated at least two prior unrelated convictions under IC 9–30–5, the court may suspend only that part of the sentence that is in excess of the minimum sentence. IC 35–50–2–2(b)(4)(R). The minimum sentence for a Class D felony is six months. *See* IC 35–50–2–7.

Schenk has two prior convictions for OWI: a 1988 Class A misdemeanor conviction and a 2003 Class C misdemeanor conviction. The 1988 OWI conviction was

pursuant to IC 9–11–2. Schenk's second OWI conviction occurred in March 2003 and was pursuant to IC 9–30–5, the successor to IC 9–11–2. Schenk contends that because his 1988 conviction was not pursuant to IC 9–30–5, as required under IC 35–50–2–2(b)(4)(R), IC 35–50–2–2 does not apply. We disagree.

In 1991, the Indiana General Assembly recodified the laws relating to motor vehicles (the "1991 Act"). Pub.L. No. 2–1991, § 18 (1991). As part of the recodification, IC 9–11–2–1 through IC 9–11–2–3, which related to crimes pertaining to operating a motor vehicle while intoxicated, were repealed and replaced with comparable provisions in IC 9–30–5–1 through IC 9–30–5–3. In the recodification, the offenses remained the same in form and substance.[2] The 1991 Act included a savings clause, which read in pertinent part, "If this act repeals and replaces a provision in the same form or in a restated form, the substantive operation and effect of that provision continues uninterrupted." P.L. 2–1991, § 111.

Schenk contends that IC 35–50–2–2's reference to "two (2) prior unrelated convictions under IC 9–30–5" reflects the Indiana General Assembly's intent to exclude convictions under IC 9–11–2 from consideration when determining whether a portion of a sentence is non-suspendable. While Schenk cites to our court's ruling in *State v. Geise,* 596 N.E.2d 244 (Ind.Ct.App.1992) to support his argument, we find our Supreme Court's decision in *Holt v. State,* 638 N.E.2d 786, 787 (Ind.1994) to be more closely aligned with the facts in this case.

---

2. IC 9–30–5–1 restated the crime of operating a vehicle with a blood alcohol level of 0.10%. While the new section added the crime of operating a vehicle with a controlled sub- stance in the blood and provided a defense where prescription drugs were involved, neither of these changes is pertinent to Schenk's case.

Holt had his driving privileges revoked for life under IC 9–12–3–1, the predecessor to IC 9–30–10–16. Three years later, the police caught Holt driving while intoxicated and charged him with OWI and with "driving after his privileges had been forfeited for life." *Holt*, 638 N.E.2d at 786 (citing IC 9–30–10–17). Holt moved to dismiss the charge of operating a motor vehicle after his privileges were forfeited for life, arguing that he could not be convicted under IC 9–30–10–17 because his privileges were revoked for life under a section of the Indiana Code that had since been repealed. The trial court denied the motion, and on interlocutory appeal, the court of appeals affirmed.

Before our Supreme Court, Holt argued that he did not violate IC 9–30–10–17 because that section expressly and exclusively applied to individuals who "drive after 'their driving privileges are forfeited for life under section 16 of this chapter.'" *Holt*, 638 N.E.2d at 786. Holt argued that he lost his privileges under IC 9–12–3–1, the predecessor to section 16, and so could not be prosecuted under section 17 of the current statute. *Id.* at 786–87.

Affirming Holt's court of appeals' decision, our Supreme Court reasoned:

> The Court of Appeals relied on the consolidated case of *State v. McGill*, [622 N.E.2d 239 (Ind.Ct.App.1993)], in upholding the trial court's denial of Holt's motion to dismiss. As in the present case, the two defendants in *McGill* were charged under § 9–30–10–17 for driving after their privileges had been forfeited for life under § 9–12–3–1. The trial court had dismissed the charges, but the Court of Appeals reversed, concluding that the uncodified savings clause in the 1991 enactment permitted prosecutions under § 9–30–10–17 based on convictions under the repealed statute.

*Holt*, 638 N.E.2d at 787; *accord, Cruite v. State*, 641 N.E.2d 1264, 1264 n. 1 (Ind. 1994) (cross-references to new code sections also refer to their old counterparts by virtue of an uncodified savings clause); *accord Hollingsworth v. State*, 717 N.E.2d 610, 613 (Ind.Ct.App.1999), *trans. denied* (uncodified savings clause in 1993 enactment permitted prosecutions under IC 9–30–10–16 based on convictions under the repealed statute).

This reasoning equally applies under the facts in this case. Schenk's 1988 OWI conviction was pursuant to IC 9–11–2, the predecessor to IC 9–30–5. "The savings clause preserves the 'substantive operation and effect' of provisions repealed and replaced 'in the same form or in a restated form' and directs that references to repealed and replaced sections shall be treated as references to the provisions replacing them." *Holt*, 638 N.E.2d at 787. Noting that sections IC 9–30–5–1 through IC 9–30–5–3 restate the penalty provisions previously set forth in sections IC 9–11–2–1 through IC 9–11–2–3, the savings clause preserves OWI convictions under IC 9–11–2 for consideration under IC 35–50–2–2(b)(4)(R). The trial court did not err in finding Schenk's 1988 OWI conviction qualified as one of the two OWI convictions under IC 35–50–2–2(b)(4)(R), which mandates a non-suspendable six month sentence on Schenk's Class D felony. We affirm the trial court's sentence of eighteen months, with six months executed on home detention and twelve months on AAPS.

Affirmed.

VAIDIK, J., and CRONE, J., concur.